UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| BIG BABOON, INC., a Delaware corporation, | ) ) ) | No.  CV 09-01198 SVW (SSx) |
| Plaintiff, | ) ) | **MEMORANDUM AND ORDER RE: PARTIES'** |
| v. | ) ) | **PROPOSED STIPULATION AND** |
| DELL INC., a Delaware corporation, et al., | ) ) ) | **PROTECTIVE ORDER** |
| Defendant. | ) ) | |

    The Court has received and considered the parties' proposed Stipulated Protective Order ("Protective Order").  The Court is unable to adopt the Protective Order as stipulated to by the parties for the following reasons:

    First, a protective order must be narrowly tailored and cannot be overbroad.  Therefore, the documents, information, items or materials that are subject to the protective order shall be described in a meaningful fashion (for example, "blueprints," "customer lists," or "market surveys," <u>etc.</u>).  In defining "ATTORNEY'S EYES ONLY Material," the Protective Order lists a number of specific categories of material

that are meaningfully described. However, the list concludes by including in the designation "other non-public information of similar competitive and business sensitivity." (See p. 7, ¶ 4). This description is overbroad and would permit a variety of documents, not specifically identified in the order, to arguably be kept confidential.

Second, the Court will not agree to the procedures the parties propose in the event of a dispute regarding the designation of confidential information. (See p. 13, ¶ 19(a); p. 28, ¶ 44(b)). In the event of a dispute regarding the designation of confidential information, the only procedure for obtaining a decision from the Court is that set forth in Local Rule 37.

Third, the Court will not agree that material filed in this action will be designated "UNDER PROTECTIVE ORDER" (see p. 27, ¶ 41) because this might suggest that the Court has made a determination about whether particular material fits within the categories described in the Order.

Fourth, the Protective Order contemplates that the parties will "meet and confer in good faith . . . to put into place a procedure for identification of and use of Designated material at trial." (See p. 33, ¶ 59). The Court will not agree to any procedures that purport to bind the trial court regarding the use of evidence at trial.

Finally, the Protective Order does not establish the requisite good cause. Pintos v. Pac. Creditors Ass'n, 565 F.3d 1106, 1115 (9th Cir. 2009) ("The relevant standard [for the entry of a protective order] is whether good cause exists to protect the information from being

1  disclosed to the public by balancing the needs for discovery against the
2  need for confidentiality." (internal quotation marks and alteration
3  omitted)); Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1130
4  (9th Cir. 2003) (court's protective order analysis requires examination
5  of good cause (citing Phillips v. Gen. Motors Corp., 307 F.3d 1206,
6  1210-11, 1212 (9th Cir. 2002)); San Jose Mercury News, Inc. v. United
7  States Dist. Court, 187 F.3d 1096, 1102 (9th Cir. 1999).

9      The Court may only enter a protective order upon a showing of good
10 cause.  Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1176
11 (9th Cir. 2006) (stipulating to protective order insufficient to make
12 particularized showing of good cause, as required by Rule 26(c));
13 Phillips, 307 F.3d at 1210-11 (Rule 26(c) requires a showing of good
14 cause for a protective order); Makar-Wellbon v. Sony Electrics, Inc.,
15 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders
16 require good cause showing).

18      In any revised stipulated protective order submitted to the Court,
19 the parties must include a statement demonstrating good cause for entry
20 of a protective order pertaining to the documents or information
21 described in the order.  The documents to be protected shall be
22 specifically described and identified.  The paragraph containing the
23 statement of good cause should be preceded by the phrase: "GOOD CAUSE
24 STATEMENT."  The parties shall articulate, for each document or category
25 of documents they seek to protect, the specific prejudice or harm that
26 \\
27 \\
28 \\

will result if no protective order is entered.  <u>Foltz</u>, 331 F.3d at 1130 (citations omitted).

In any revised stipulated protective order, the parties shall include the following in the caption:  "[Discovery Document: Referred to Magistrate Judge Suzanne H. Segal]."

IT IS SO ORDERED.

/S/

DATED: November 6, 2009.   SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE