QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
Frederick A. Lorig (Bar No. 057645)
fredericklorig@quinnemanuel.com
Christopher A. Mathews (Bar No. 144021)
chrismathews@quinnemanuel.com
Danielle L. Gilmore (Bar No. 171457)
daniellegilmore@quinnemanuel.com
Bruce R. Zisser (Bar No. 180607)
brucezisser@quinnemanuel.com
Vincent M. Pollmeier (Bar No. 210684)
vincentpollmeier@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff and Counter Defendant Big Baboon, Inc.

[list of presenting parties continued on next page]

FILED
CLERK, U.S. DISTRICT COURT
DEC 14 2009
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

BIG BABOON, INC., a Delaware corporation,

Plaintiff,

vs.

DELL INC., a Delaware corporation, et al.

Defendants.

AND RELATED COUNTERCLAIMS

CASE NO. CV 09-01198 SVW (SSx)

**STIPULATED PROTECTIVE ORDER**

Judge: Hon. Stephen V. Wilson

[DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE SUZANNE H. SEGAL]

[NO HEARING REQUIRED]

Filing Date: February 19, 2009
Trial Date: None Set

FENWICK & WEST LLP
Lynn H. Pasahow (Bar No. 54283)
lpasahow@fenwick.com
J. David Hadden (Bar No. 176148)
dhadden@fenwick.com
Darren E. Donnelly (Bar No. 194335)
ddonnelly@fenwick.com
Hector J. Ribera (Bar No. 221511)
hribera@fenwick.com
Ryan J. Marton (Bar. No. 223979)
rmarton@fenwick.com
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Tel: (650) 335-7225
Fax: (650) 938-5200

Attorneys for Defendants Amazon.com, Inc., and Amazon Payments, Inc.

ROPES & GRAY LLP
Robert Morgan (Bar No. 46348)
robert.morgan@ropesgray.com
Denise Loring (*pro hac vice*)
denise.loring@ropesgray.com
Brian P. Biddinger (Bar No. 224604)
brian.biddinger@ropesgray.com
Brian E. Mack (*pro hac vice*)
brian.mack@ropesgray.com
1211 Avenue of the Americas
New York, NY 10036-8704
Tel: (212) 596-9000
Fax: (212) 596-9090

Attorneys for Defendants American Honda Motor Co., Inc.

BAUTE & TIDUS LLP
Mark D. Baute (Bar No. 127329)
mbaute@bautelaw.com
Patrick M. Maloney (Bar No. 197844)
pmaloney@bautelaw.com
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel: (213) 630-5000
Fax: (213) 683-1225

Attorneys for Defendants AmerisourceBergen Corporation and Amerisourcebergen Drug Corporation

MUNGER, TOLLES & OLSON LLP
Gregory P. Stone (Bar No. 078329)
Gregory.Stone@mto.com
Rosemarie T. Ring (Bar No. 220769)
Rose.Ring@mto.com
Andrea Weiss Jeffries (Bar No. 183408)
Andrea.Jeffries@mto.com
David C. Yang (Bar No. 246132)
David.Yang@mto.com
Ian J. Miller (Bar No. 257429)
ian.miller@mto.com
355 S. Grand Avenue, 35th Floor
Los Angeles, CA 90071
Tel: (213) 683-9100
Fax: (213- 687-3702

Attorneys for Defendant Apple Inc.

ALSTON & BIRD LLP
Michael Newton (Bar No. 156225)
mike.newton@alston.com
Chase Tower
2200 Rose Avenue, Suite 3601
Dallas, Texas 75201
Tel: (214) 922-3423
Fax: (214) 922-3863

Attorneys for Defendants Dell Inc., Dell Marketing Corp., and Dell Gen. P. Corp.

FINNEGAN HENDERSON FARABOW GARRETT & DUNNER LLP
Matthew A. Levy
matt.levy@finnegan.com
901 New York Avenue, NW
Washington, DC 20001-4413
Tel: (202) 408-4269
Fax: (202) 408-4400

Attorneys for Defendants FedEx Corporation, and FedEx Corporate Services, Inc.

MUNGER, TOLLES & OLSON LLP
Gregory P. Stone (Bar No. 078329)
Gregory.Stone@mto.com
Rosemarie T. Ring (Bar No. 220769)
Rose.Ring@mto.com
Andrea Weiss Jeffries (Bar No. 183408)
Andrea.Jeffries@mto.com
David C. Yang (Bar No. 246132)
David.Yang@mto.com
Ian J. Miller (Bar No. 257429)
ian.miller@mto.com
355 S. Grand Avenue, 35th Floor
Los Angeles, CA 90071
Tel: (213) 683-9100
Fax: (213- 687-3702

Attorneys for Defendant Hewlett-Packard Company

BAKER BOTTS L.L.P.
Kevin J. Meek (*pro hac vice*)
kevin.meek@bakerbotts.com
James W. Cannon (*pro hac vice*)
jim.cannon@bakerbotts.com
Darryl J. Adams (*pro hac vice*)
darryl.adams@bakerbotts.com
98 San Jacinto Boulevard
Suite 1500
Austin, TX 78701
Tel: (512) 322-2500
Fax: (512) 322-2501

Attorneys for Defendant Ingram Micro Inc.

ORRICK, HERRINGTON & SUTCLIFFE LLP
Lisa C. Ward (Bar No. 175237)
lward@orrick.com
Mark J. Shean (Bar No. 217671)
mshean@orrick.com
4 Park Plaza, Suite 160
Irvine, CA 92614
Tel: (949) 852-7780
Fax: (949) 567-6710

Attorneys for Defendant Intel Corporation

FENWICK & WEST LLP
Lynn H. Pasahow (Bar No. 54283)
lpasahow@fenwick.com
J. David Hadden (Bar No. 176148)
dhadden@fenwick.com
Darren E. Donnelly (Bar No. 194335)
ddonnelly@fenwick.com
Hector J. Ribera (Bar No. 221511)
hribera@fenwick.com
Ryan J. Marton (Bar. No. 223979)
rmarton@fenwick.com
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Tel: (650) 335-7225
Fax: (650) 938-5200

Attorneys for Defendant Staples, Inc.

ALSTON & BIRD LLP
Patrick J. Flinn (Bar No. 104423)
patrick.flinn@alston.com
Robert L. Lee
bob.lee@alston.com
Kamran Jivani
kamran.jivani@alston.com
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3421
Tel: (404) 881-7920
Fax: (404) 253-8370

Attorneys for Defendant United Parcel Service, Inc.

DICKSTEIN SHAPIRO LLP
Lawrence R. LaPorte (Bar No. 130003)
laportel@dicksteinshapiro.com
David A. Randall (Bar No. 156722)
randalld@dicksteinshapiro.com
Mike Tomasulo (Bar No. 179389)
tomasulom@dicksteinshapiro.com
2049 Century Park East
Suite 700
Los Angeles, CA 90067
Tel (direct): (310) 772-8374
Fax: (310) 943-2573

Attorneys for Defendants UTi Worldwide Inc. and UTi Services, Inc.

The parties to the above-captioned action desire to expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial. Accordingly, pursuant to Fed. R. Civ. P. 26(c), it is hereby stipulated by and between the parties through their respective counsel, and **ORDERED THAT** the following Protective Order be entered to give effect to the agreed-upon terms and conditions to protect confidential information during discovery and trial as follows:

**A.      Good Cause Statement**

The parties believe that good cause exists for the entry of this Protective Order because materials designated as "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY - Source Code" constitute trade secret or other confidential information the disclosure of which is likely to have the effect of harming the competitive position of the Designating Party or violating an obligation of confidentiality to a third party.

**B.      Definitions**

1.      "Party": any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel of record in this action (and their support staff).

2.      "Material": all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, interrogatory responses, responses to requests for admission, testimony, transcripts, and tangible things) that are produced, disclosed, served, generated, or otherwise provided in connection with this action.

3. "Designating Party": a Party or non-party that discloses or produces Material in this action and designates Material according to this Order.

4. **"ATTORNEYS' EYES ONLY Material"**: Material a Designating Party may designate as "ATTORNEYS' EYES ONLY" if it believes in good faith that such Material is confidential and/or sensitive in nature and the Designating Party (i) reasonably and in good faith believes that unrestricted disclosure of such Material is likely to cause economic harm or significant competitive disadvantage to the Designating Party, or (ii) reasonably and in good faith believes is significantly sensitive and protected by a right to privacy under federal or state law or any other applicable privilege, immunity, protection, or right related to confidentiality or privacy. The Parties agree that the following information, if non-public, shall be presumed to merit the "ATTORNEYS' EYES ONLY" designation: trade secrets, pricing information, financial data, plans, and models, sales information, sales or marketing plans, customer information, business plans, sales or marketing strategy, competitive analysis, performance metrics and reports, business intelligence information, product development information, research and experimental testing information, strategic plans, engineering information, testing information, employee information, internal planning information, management reports, electronic mail, information obtained from a nonparty that is subject to confidentiality obligations, licensing documents and licensing communications, settlement agreements, or settlement communications.

5. **"ATTORNEYS' EYES ONLY – Source Code"**: Source code, or similarly sensitive software code, that the Designating Party believes in good faith is confidential and/or sensitive in nature and the Designating Party (i) reasonably and in good faith believes that unrestricted disclosure of such Material is likely to cause economic harm or significant competitive disadvantage to the Designating Party, or (ii) reasonably and in good faith believes is significantly sensitive and protected by a

right to privacy under federal or state law or any other applicable privilege, immunity, protection, or right related to confidentiality or privacy.

6. "Receiving Party": a Party that receives or inspects Material from a Designating Party.

7. "Designated Material": Material that is designated "ATTORNEYS' EYES ONLY", or "ATTORNEYS' EYES ONLY – Source Code" under this Order.

8. "Counsel": (i) outside counsel who appears on the pleadings as counsel for a Party, and (ii) partners, associates, employees, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, and legal clerks, or (iii) independent attorneys contracted to assist outside counsel in connection with this action. Counsel does not include in-house attorneys, even if they appear on the pleadings as counsel for a Party.

9. "Outside Consultant": a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or Counsel to serve as an expert witness or as a consultant to assist in this action and who is not a current officer, director or employee of a Party or a competitor of a Party whose Designated Material he or she will review and who, at the time of retention, is not anticipated to become an officer, director or employee of a Party or a competitor of a Party whose Designated Material he or she will review.

10. "Professional Vendors": persons or entities that provide litigation support services (e.g., photocopying; document processing; videotaping; translating; designing and preparing exhibits, graphics, or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors to whom it is reasonably necessary to disclose the information for this litigation. This definition includes a professional jury or trial consultant retained in connection with this litigation and mock jurors retained by such a consultant to assist them in

their work. Professional vendors do not include consultants who fall within the definition of Outside Consultant.

11. "Patents-in-suit" mean U.S. Patents No. 6,115,690, 6,343,275, and any other patent asserted in this litigation, as well as any related patents, patent applications, provisional patent applications, continuations, and/or divisionals, and any foreign counterpart.

**C. Scope**

12. The protections conferred by this Order cover not only Designated Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or their counsel in court or in other settings that might reveal Designated Material. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure or any Court-ordered deadlines. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules of the Central District of California, and the Court's deadlines.

**D. Access To Designated Material**

13. **ATTORNEYS' EYES ONLY Material**: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Material designated "ATTORNEYS' EYES ONLY" only to the following in addition to those identified in the "Use of Designated Material at Depositions" section below:

a. persons who appear on the face of Designated Material as an author, addressee or recipient thereof;

b. the Receiving Party's Counsel;

c.   up to three in-house attorneys of each Party, and necessary support staff, having responsibility for providing oversight of or assistance in this litigation who can certify that they do not engage in competitive decision-making, provided that each such attorney must keep all such documents and information in segregated files access to which is restricted to the designated attorney and necessary support staff, and further provided that such attorneys of each Defendant shall be allowed to review only ATTORNEYS' EYES ONLY Material provided by Big Baboon, and not ATTORNEYS' EYES ONLY Material provided by another Defendant. The Parties further agree that pleadings, motions and briefs containing ATTORNEYS' EYES ONLY Material provided by a Defendant may be shared with up to three in-house attorneys having responsibility for providing oversight of or assistance in this litigation who can certify that they do not engage in competitive decision-making on behalf of another Defendant upon consent of the Designating Party, such consent not to be unreasonably withheld. The "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A must be executed by each such attorney and provided to all parties prior to receiving Designated Material.

d.   Outside Consultants of the Receiving Party, provided that disclosure is only to the extent necessary for this litigation; and provided that: (a) such person has signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and the "Certification Of Consultant" attached hereto as Exhibit B; (b) no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in the "Access By Outside Consultants" section below; and (c) that such Outside Consultants of each Defendant shall be allowed to review only ATTORNEYS' EYES ONLY Material provided by Big Baboon, and not ATTORNEYS' EYES ONLY Material provided by another Defendant unless expressly authorized in writing by the other Defendant.

e.   the Court, jury, and court personnel;

f.   any designated arbitrator or mediator who is assigned to hear this matter, and his or her staffs, who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and the "Certification Of Consultant" attached hereto as Exhibit B;

g.   court reporters, stenographers and videographers retained to record testimony taken in this action; and

h.  Professional Vendors to which disclosure is reasonably necessary for this litigation and a representative of which has signed the "Agreement To Be Bound By Protective Order," attached hereto as Exhibit A, except for mock jurors to whom Receiving Parties may disclose only information derived from Designated Materials ("Derivative Materials"), and not the Designated Materials themselves, and only to mock jurors who sign the "Agreement To Be Bound By Protective Order," attached hereto as Exhibit A, agreeing to comply with the terms of this Order and maintain the confidentiality of all information provided to him or her in this matter.  Derivative Materials may reflect the substance of Designated Materials, but may not include specific content (e.g., identity of persons and entities, product names).

"ATTORNEYS' EYES ONLY" Material cannot be hosted on any third-party system or any system outside the firewall of a firm of Counsel representing the Receiving Party.  "ATTORNEYS' EYES ONLY" Material also cannot be sent or transmitted to any person, location, or vendor outside of the United States except in-house attorneys (including in-house foreign attorneys), employees, and Outside Consultants designated in subparagraphs (c) and (d) above.  To the extent that any "ATTORNEYS' EYES ONLY" Material is transmitted from or to authorized recipients outside of the offices of the Receiving Party's Counsel, the transmission shall be by hand (and encrypted if in electronic form) by a secure transport carrier (e.g., Federal Express or UPS).

14.  **ATTORNEYS' EYES ONLY – Source Code**:  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose source code designated "ATTORNEYS' EYES ONLY – Source Code" only to the following in addition to those identified in the "Use of Designated Material at Depositions" section below:

a.  persons who appear on the face of source code as an author thereof;

b.  the Receiving Party's Counsel;

c. Outside Consultants of the Receiving Party, provided that disclosure is only to the extent necessary for this litigation; and provided that: (a) such person has signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and the "Certification Of Consultant" attached hereto as Exhibit B, and (b) no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in the "Access By Outside Consultants" section below;

d. the Court, jury, and court personnel; and

e. court reporters, stenographers and videographers retained to record testimony taken in this action.

15. Each person to whom Designated Material may be disclosed, and who is required to sign the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and, if applicable, the "Certification Of Consultant" attached hereto as Exhibit B shall do so, prior to the time such Designated Material is disclosed to him or her. Counsel for a party who makes any disclosure of Designated Material shall retain each original executed certificate and, upon written request, shall provide copies to counsel to all other parties at the termination of this action.

16. At the request of the Designating Party, persons not permitted access to Designated Material under the terms of this Protective Order shall not be present at depositions while the Designating Party's Designated Material is discussed or otherwise disclosed. Pre-trial and trial proceedings shall be conducted by the Parties in a manner, subject to the supervision of the Court, to protect Designated Material from disclosure to persons not authorized to have access to such Material. Any Party intending to disclose or discuss Designated Material at pretrial or trial proceedings must give advance notice to assure the implementation of the terms of this Protective Order.

E. **Access By Outside Consultants**

17. An Outside Consultant receiving Designated Material shall not be a current officer, director or employee of a Party or of a competitor of the Designating Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of the Designating Party.

18. **Notice**. If a Receiving Party wishes to disclose another party's Designated Material to any Outside Consultant, such Receiving Party must provide notice to Counsel for the Designating Party, which notice shall include: (a) the individual's name and business title; (b) business address; (c) business or profession; (d) the individual's up-to-date CV; (e) any previous or current relationship (personal or professional) with any of the parties; (f) a list of other cases in which the individual has testified (at trial or deposition) within the last seven years; (g) a list of all companies with which the individual has consulted or by which the individual has been employed within the last four years; and (h) a signed copy of the Agreement To Be Bound By Protective Order attached as Exhibit A and the "Certification Of Consultant" attached hereto as Exhibit B ("Notice").

19. **Objections.**

a. If a Designating Party for good cause objects to the disclosure of Designated Material to any Outside Consultant, such Designating Party shall within ten (10) court days from receipt of the Notice (plus three (3) extra court days if notice is given other than by hand delivery, e-mail transmission or facsimile transmission) request a conference of counsel in writing pursuant to Local Rule 37 ("Objection"). After the expiration of the 10-day (plus 3-days, if appropriate) period, if the Designating Party has not served an Objection on the Receiving Party, then Designated Material may be disclosed to the Outside Consultant pursuant to the terms of this Order. There shall be no disclosure of Designated Material to the Outside Consultant prior to expiration of this 10-day (plus 3-days, if appropriate) period. If the Designating Party serves an Objection within the 10-day (plus 3-days, if appropriate) period, the Receiving Party may not disclose Designated Material to the challenged individual absent resolution of the dispute or Court Order. If the parties are unable to resolve their dispute during the

conference of counsel, the Designating Party objecting to the disclosure may request resolution of the dispute by filing a motion and joint stipulation with the Court pursuant to Local Rule 37. If the Designating Party objecting to the disclosure fails to move for relief from the Court or personally deliver, e-mail or fax its portion of the Joint Stipulation for such a motion within five (5) business days after the meet and confer, the Objection is deemed withdrawn, and Designated Material may thereafter be disclosed to the Outside Consultant who has otherwise complied with the requirements in the "Notice" section above. If the Designating Party files a timely motion and joint stipulation for resolution of the objection, Designated Material shall not be disclosed to the challenged individual until and unless a final ruling allowing such disclosure is made by this Court or by the consent of the Designating Party, whichever occurs first.

b.  For purposes of this paragraph, "good cause" shall include an objectively reasonable concern that the proposed Outside Consultant will, advertently or inadvertently, use or disclose Designated Materials in a way or ways that are inconsistent with the provisions contained in this Order.

c.  Failure to object to an Outside Consultant shall not preclude a Designating Party from later objecting to continued access by an Outside Consultant for good cause. If a later objection is made, the parties shall meet and confer pursuant to Local Rule 37 and attempt in good faith to resolve the dispute informally. If the dispute is not resolved, the Designating Party objecting to the disclosure may seek relief from the Court preventing disclosure of Designated Material or for other appropriate relief pursuant to the Federal Rules of Civil Procedure and Local Rule 37. The Outside Consultant may continue to have access to information that was provided such Outside Consultant prior to the date of the objection. If a later objection is made, no further Designated Material shall be disclosed to the Outside Consultant until the matter is resolved by the Court or the Designating Party withdraws its objection. Notwithstanding the foregoing, if the Designating Party fails to move for relief from the Court or personally deliver, e-mail or fax its portion of the Joint Stipulation for such a motion within five (5) business days after the meet and confer, further Designated Material may thereafter be provided to the Outside Consultant.

**F. Production of ATTORNEYS' EYES ONLY – Source Code Material**

20. Nothing in this Order shall be construed as a representation or admission that source code is properly discoverable in this action, or to obligate any Party to produce any source code.

21. **Definition of Source Code.** Computer code, formulas, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs. Source code includes computer code, scripts, assembly, object code, source code listings and detailed descriptions of source code, object code listings and detailed descriptions of object code, Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, and similarly sensitive implementation details.

22. To the extent production of source code becomes necessary to the prosecution or defense of the litigation, any source code that is produced by a Party shall be made available for inspection in electronic format at the office(s) of the corresponding party's outside counsel of record listed below, or any other location mutually agreed by the parties. The source code shall be made available from 9 am to 6 pm local time, Monday through Friday (excluding holidays), and other days and/or times, including weekends, upon reasonable request until the close of discovery in this action. The Designating Party shall notify the Receiving Party as soon as it has source code available for inspection and shall include in that notice some identification of the source code that is available. Subsequent to such notice but prior to the first inspection of the identified source code, the Receiving Party shall provide five (5) business days notice of its intent to inspect the source code. The Receiving Party shall provide three (3) business days notice prior to any additional inspections.

| Parties | Location of Inspection |
|---|---|
| Amazon.com, Inc.; Amazon Payments, Inc.; and Staples, Inc. | Fenwick & West, LLP<br>801 California St.<br>Mountain View, CA |
| American Honda Motor Co., Inc. | Ropes & Gray LLP<br>1211 Avenue of the Americas<br>New York, NY 10036 |
| AmerisourceBergen Corporation and AmerisourceBergen Drug Corporation | Baute & Tidus LLP<br>777 South Figueroa Street, Suite 4900<br>Los Angeles, California 90017 |
| Apple Inc. | Munger, Tolles & Olson LLP<br>560 Mission Street<br>San Francisco, CA 94105 |
| Big Baboon, Inc. | Quinn Emanuel Urquhart Oliver & Hedges, LLP<br>865 South Figueroa St., 10th Floor<br>Los Angeles, CA 90017 |
| Dell Inc.; Dell Marketing Corp.; and Dell Gen. P. Corp. | An escrow facility in Texas or<br>Alston & Bird LLP<br>Chase Tower, Suite 3601<br>2200 Ross Avenue<br>Dallas, TX 75201 |
| FedEx Corporation and FedEx Corporate Services, Inc. | Finnegan, Henderson, Farabow, Garrett & Dunner, LLP<br>11955 Freedom Drive, Suite 800<br>Reston, VA 20190-5675 |
| Hewlett-Packard Company | Munger, Tolles & Olson LLP<br>355 South Grand Avenue, 35th Floor<br>Los Angeles CA 90071-1560 |
| Ingram Micro Inc. | Baker Botts LLP<br>1500 San Jacinto Center<br>98 San Jacinto Boulevard<br>Austin, TX 78701-4078 |

| | |
|---|---|
| Intel Corporation | Orrick, Herrington & Sutcliffe LLP<br>4 Park Plaza<br>Suite 1600<br>Irvine, CA 92614-2558 |
| United Parcel Service, Inc. | Alston & Bird LLP<br>One Atlantic Center<br>1201 W. Peachtree St.<br>Atlanta, Ga. 30309-3424 |
| UTI Worldwide, Inc. and UTI, Services, Inc. | Dickstein Shapiro LLP<br>2049 Century Park East, Suite 700<br>Los Angeles, CA 90067 |

23. Source code designated as "ATTORNEYS' EYES ONLY – Source Code" shall only be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Designating Party:

a. All source code shall be made available by the Designating Party to the Receiving Party's outside counsel of record in this action and/or experts in a secure room on a secured computer without Internet access or network access to other computers, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any source code outside or away from the computer on which the source code is provided for inspection (the "Source Code Computer"). The Designating Party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the Designating Party's business. The Receiving Party's outside counsel and/or experts may request that commercially available software tools for viewing and searching source code be installed on the secured computer, provided, however, that such other software tools are reasonably necessary for the Receiving Party to perform its review of the source code consistent with all of the protections herein. The Receiving Party must provide the Designating Party with the CD or DVD containing such licensed software tool(s) at least five (5) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.

b.   No cell phones, cameras, computers, peripheral equipment, recording devices or recordable media, including without limitation CDs, DVDs, or drives of any kind, will be permitted inside the source code review room. The Receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the source code but may not copy the source code into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer. No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein. Further, no other written or electronic record of the source code is permitted except as otherwise provided herein. The Designating Party, including the Designating Party's outside counsel and their staff, may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that no electronic records of source code are being created and no information concerning the source code is being transmitted in any way.

c.   The Designating Party shall make available a laser printer with commercially reasonable printing speeds for on-site printing during inspection of limited portions of the source code. The Receiving Party may print limited portions of the source code only when reasonably necessary to facilitate the Receiving Party's preparation of court filings, expert reports, and related drafts and correspondences, and shall print only such portions as are relevant to the claims and defenses in the case and are reasonably necessary for such purpose. The Receiving Party shall not print source code in order to review blocks of source code elsewhere in the first instance, i.e., as an alternative to reviewing that source code electronically on the Source Code Computer, as the parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere, and that printing is permitted solely to enable use of source code in filings and proceedings. Upon printing any such portions of source code, the printed pages shall be collected by the Designating Party for subsequent production. The Designating Party shall Bates number, copy, and label "CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" any pages printed by the Receiving Party and shall produce the printed source code within two (2) business days from the day the source code was printed by the Receiving Party. The printed pages shall constitute part of the source code produced by the Designating Party in this action. The Receiving Party receiving the paper copies of source code must keep that source code in a secured

container when not in use at the office of the Receiving Party's outside counsel of record.

d.  All persons who will review a Designating Party's source code on behalf of a Receiving Party shall be identified in writing to the Designating Party at least five (5) days in advance of the first time that such person reviews such source code. Such identification shall be in addition to any disclosure required under the "Notice" section of this Order. Each day they view source code, all persons viewing source code shall sign on a log that will include the names of persons who enter the review room and when they enter and depart. The Receiving Party receiving paper copies of source code shall maintain a log of Bates numbered pages received and persons who have had access to those pages. The Designating Party shall be entitled to a copy of the logs upon request.

e.  Unless otherwise agreed in advance by the parties in writing, following each day on which inspection is done under this Order, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information. The Designating Party shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect.

f.  Other than as provided in subparagraph (c) above, the Receiving Party will not copy, remove, or otherwise transfer any source code from the Source Code Computer including, without limitation, copying, removing, or transferring the source code onto any recordable device or recordable media, including without limitation sound recorders, computers, peripheral equipment, memory, CDs, DVDs, or drives of any kind. The Receiving Party will not transmit any source code in any way from the Designating Party's facilities or the offices of its Counsel.

g.  After receiving any production of printed source code, the Receiving Party may make no more than ten (10) copies of any portions of the source code received from a Designating Party pursuant to subparagraph (c), not including copies attached to court filings or used at depositions, and shall maintain a log of all copies of the source code received from a Designating Party that are delivered by the Receiving

Party to any qualified person under the "ATTORNEYS' EYES ONLY – Source Code" section above. Any such copies must be in paper and not maintained in electronic form. The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored.

h.   The Receiving Party's Counsel and any authorized person receiving a copy of any source code shall maintain and store the paper copies of the source code at their offices in a manner that prevents duplication of or unauthorized access to the source code, including, without limitation, storing the source code in a locked room or cabinet at all times when it is not in use.

i.   All paper copies of source code shall be securely destroyed in a timely manner if they are no longer in use (*e.g.*, at the conclusion of a deposition). Copies of source code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

j.   Except as provided in this subparagraph, absent express written permission from the Designating Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the source code from any paper copy of source code for use in any manner (including by way of example only, the Receiving Party may not scan the source code to a PDF or photograph the code). Images or copies of source code shall not be included in correspondence between the parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible. If a party reasonably believes that it needs to submit a portion of source code as part of a filing with the Court, the party shall give notice to the Designating Party at least one day before such filing that it intends to include source code in its filing and shall file any pleading containing source code under seal in accordance with the Court's provisions for filing documents under seal. If a Designating Party agrees to produce an electronic copy of all or any portion of its source code or provide written permission to the Receiving Party that an electronic or any other copy needs to be made for a Court filing, the Receiving Party's communication and/or disclosure of electronic files or other materials containing any portion of source code (paper or electronic) shall at all times be limited to solely individuals who are expressly authorized to view source code under the provisions of this

Protective Order. In cases where the Designating Party has provided the express written permission required under this provision for a Receiving Party to create electrônic copies of source code, the Receiving Party shall maintain a log of all such electronic copies of any portion of source code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations where the electronic copies are stored. Additionally, any such electronic copies must be labeled "CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" as provided for in this Order.

**G. Financial Summaries**

24. For the mutual convenience of the Parties, the Parties may generate financial summaries for the purpose of this litigation. To the extent a Party produces such financial summaries in a digital format (e.g., PDF, TIFF, Word file), or to the extent the Receiving Party puts any such financial summary or the information from any such financial summary into a document in a digital format, the Receiving Party shall password protect that document on an encrypted media. To the extent that any such financial summaries are transmitted from or to authorized recipients outside of the offices of the Receiving Party's Counsel, the transmission shall be by hand, by a secure transport carrier (e.g., Federal Express or UPS), or by encrypted electronic means.

**H. Prosecution Bar**

25. Unless otherwise agreed to in writing between the Designating Party and the Receiving Party, any representative of the Plaintiff (including, but not limited to, Counsel, Outside Consultants, or in-house attorneys) who personally receives access to any Designated Material shall not be involved in the prosecution or preparation of any patent application, including without limitation the drafting, amendment or supervision of the drafting or amending of patent claims (including in reexamination or reissue proceedings), related to databases, e-commerce, resource planning systems, enterprise application software, and/or supply chain management

systems, before any foreign or domestic agency, including the United States Patent and Trademark Office. This prohibition on patent prosecution shall begin from the time of receipt of such material through and including two (2) years following the first to occur of (i) the complete resolution of this case through entry of a final non-appealable judgment or order for which appeal has been exhausted or (ii) the complete settlement of all claims against all the Parties in this action.

**I. Use Of Designated Material**

26. **Use Of Designated Material By Receiving Party**. Unless otherwise ordered by the Court or agreed to in writing by the Parties, all Designated Material shall be used by the Receiving Party only for purposes of this litigation, and any related appellate proceedings, and shall not be used directly or indirectly for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, or any business or competitive purpose or function. Information contained or reflected in Designated Materials shall not be distributed, disclosed or made available in conversations, presentations by Parties or Counsel, in court or in any other settings that might reveal Designated Material, except as expressly provided in this Order. Nothing in this Order shall restrict in any way the use or disclosure of Designated Material by a Receiving Party: (a) that is or has become publicly known through no fault of the Receiving Party; (b) that is lawfully acquired by, developed, or known to the Receiving Party independent of the Designating Party; (c) previously produced, disclosed and/or provided by the Designating Party to a Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (d) with the consent of the Designating Party; or (e) pursuant to Order of the Court.

27. **Use Of Designated Material By Designating Party**. Nothing in this Order shall prevent or restrict any Designating Party's use of its own documents and information for any purpose, nor shall it prevent the Designating Party from disclosing its own confidential information, documents or things to any person.

Such disclosure shall not affect any designations made pursuant to the terms of this Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

28. **Use of Designated Material at Depositions.** Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Designated Material of which such person has prior knowledge. Without in any way limiting the generality of the foregoing:

a. A present director, officer, employee, designated Rule 30(6)(b) witness, and/or Outside Consultant of a Designating Party may be examined and may testify concerning all Designated Material which has been produced by that party.

b. A former director, officer, agent and/or employee of a Designating Party may be examined and may testify concerning all Designated Material of which he or she has prior knowledge, including any Designated Material that refers to matters of which the witness has personal knowledge, which has been produced by that party and which pertains to the period or periods of his or her employment; and

c. Non-parties may be examined or testify concerning any document containing Designated Material of a Designating Party which appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the Designating Party, or a representative of such Designating Party. Any person other than the witness, his or her attorney(s), and any person qualified to receive Designated Material under this Order shall be excluded from the portion of the examination concerning such information, unless the Designating Party consents to persons other than qualified recipients being present at the examination. If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney shall be requested to sign the "Agreement To Be Bound By Protective Order," attached hereto as Exhibit A, agreeing to comply with the terms of this Order and maintain the confidentiality of Designated Material disclosed during the course of the examination. In the event that such attorney declines to sign the "Agreement To Be

Bound By Protective Order," attached hereto as Exhibit A, prior to the examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting such attorney from disclosing such Designated Material.

d. A witness who previously had access to a document designated ATTORNEYS' EYES ONLY but who is not under a present non-disclosure agreement with the Designating Party that covers that document, may be shown the document if a copy of this Protective Order is attached to any subpoena or notice or request served on the witness for the deposition; and the witness is advised on the record of the existence of the Protective Order and that the protective order requires the parties to keep confidential any questions, testimony or documents that are designated as "ATTORNEYS' EYES ONLY", or "ATTORNEYS' EYES ONLY – Source Code." The witnesses may not copy, take notes on or retain copies of any Designated Material used or reviewed at the deposition. The witness may not take out of the deposition room any exhibit that is marked "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – Source Code." The Designating Party that produced any Designated Material used at the deposition may also require that the transcript and exhibits not be copied by the witness or his counsel, that no notes may be made of the transcript or the exhibits, and that the transcript and exhibits may only be reviewed by the witness in the offices of one of the Counsel representing a Party in this case (or another firm acting for one of the Counsel representing a Party in his case and under the supervision of one of the lawyers who is bound by the terms of this Order).

29. **Secure Storage**. Designated Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

30. **Legal Advice Based on Designated Material**. Nothing in this Protective Order shall be construed to prevent Counsel from advising their clients with respect to this litigation based in whole or in part upon Designated Materials, provided Counsel does not disclose the Designated Material itself except as provided in this Order.

**J. Procedure for Designating Materials**

31. The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery. Designations under this Order shall be made with care and shall not be made absent a good faith belief that the Designated Material satisfies the criteria set forth below. If it comes to a Designating Party's attention that Designated Material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Designating Party must promptly notify all other parties that it is withdrawing or changing the designation.

32. Except as provided above in Section E with respect to "ATTORNEYS' EYES ONLY – Source Code" Material, any Material (including physical objects and original documents) made available for initial inspection by counsel for the Receiving Party prior to producing copies of selected items shall initially be presumed, as a whole, to constitute "ATTORNEYS' EYES ONLY" information during the inspection and shall be re-designated as "ATTORNEYS' EYES ONLY" information prior to furnishing copies to the Receiving Party.

33. Except as otherwise provided in this Order or as otherwise stipulated or ordered, Material that qualifies for protection under this Order must be designated in conformity with this Order before the material is disclosed or produced.

34. Designation in conformity with this Order requires:

a. For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party shall affix the legend "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – Source Code" on each page that contains Designated Material.

b. For testimony given in deposition or in other pretrial or trial proceedings, the Designating Party shall specify any portions of the testimony that it wishes to designate as "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – Source Code." In the case of depositions, the Designating Party may also designate any portion of a

deposition transcript as "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – Source Code" by indicating on the record at the time the testimony is given or by informing the other parties in writing within thirty (30) calendar days of receipt of the transcript of the deposition of the designations to be applied. All information disclosed during a deposition will be treated as "ATTORNEYS' EYES ONLY" until the thirty (30) day period has expired. Any Designated Material that is used in the taking of a deposition shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with such Material. In such cases the court reporter shall be informed of this Order and shall be required to operate in a manner consistent with this Order. Transcript pages and exhibits containing Designated Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – Source Code", as instructed by the Designating Party. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except by order of the Court, or pursuant to written stipulation of the parties."

c. For information produced in some form other than documentary, and for any other tangible items, the Designating Party may designate Material by (i) contemporaneously advising all other parties in writing of the appropriate designation or (ii) affixing in a prominent place on the exterior of the container or containers in which the information or thing is stored the legend "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – Source Code."

**K. <u>No Waiver of Privilege</u>**

35. The inadvertent production by a party of Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege, immunity, or protection will not waive any applicable privilege, immunity, and/or protection if a request for return of such inadvertently produced Material is made promptly after the Designating Party learns of its inadvertent production.

36. Upon (i) receiving a request from any Designating Party who has inadvertently produced Material that it believes is privileged and/or protected, or (ii) discovery by any Receiving Party of an inadvertent production, whichever is earlier, each Receiving Party shall immediately return the original and all copies of such Material to the Party that produce the Material; not use or disclose the information until the claim of privilege is resolved; destroy all notes, summaries and written material created from or about the Material and the information therein; and take reasonable steps to retrieve the information if the party disclosed it before being notified.

37. Within ten (10) court days of the return of Material pursuant to Paragraph 36, the Designating Party shall provide the Receiving Party with a privilege log for the returned documents containing information required by applicable Court rules, including the Federal Rules of Civil Procedure, Federal Rules of Evidence, and Local Rules.

38. Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work-product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court.

**L. <u>Inadvertent Failure To Designate</u>**

39. An inadvertent failure by a Party to designate qualified Material as "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – Source Code" does not, standing alone, waive the Party's right to secure protection under this Order for such Material. The Party shall notify all Receiving Parties in writing, as soon as reasonably possible upon the Party learning of the inadvertent failure to so designate, that the Material is to be designated as "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – Source Code", with the factual basis for the assertion of designation as "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – Source Code." Upon receipt of such notice, the Receiving Party

must make reasonable efforts to assure that the material is treated in accordance with the terms of this Order, subject to the right to challenge the propriety of such designation(s). The Designating Party shall provide substitute copies of documents bearing the confidentiality designation.

40. A Receiving Party shall not be in breach of this Order for any use of such Material before the Receiving Party receives notice of the inadvertent failure to designate. Once a Receiving Party has received notice of the inadvertent failure to designate pursuant to this section, the Receiving Party shall treat such Designated Material at the appropriately designated level pursuant to the terms of this Protective Order.

**M. <u>Filing Designated Material</u>**

41. Without written permission from the Designating Party or a Court Order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Designated Material but must file such Designated Material under seal in conformance with the Court's rules and procedures, including Local Rule 79-5. Material filed under seal shall bear the title of this matter, an indication of the nature of the contents of such sealed envelope or other container, the words "ATTORNEYS' EYES ONLY INFORMATION AS DESIGNATED PURSUANT TO STIPULATED PROTECTIVE ORDER", or "ATTORNEYS' EYES ONLY – Source Code INFORMATION AS DESIGNATED PURSUANT TO STIPULATED PROTECTIVE ORDER", as appropriate, and a statement substantially in the following form:

> This envelope contains confidential information filed in this case by (name of party) and is not to be opened nor the contents thereof to be displayed or revealed except by order of the Court presiding over this matter.

42. Nothing in this section shall in any way limit or detract from the requirements as to source code set forth above.

**N.   Challenges to Confidentiality Designations**

43.   The parties will use reasonable care when designating documents or information as "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – Source Code."   Nothing in this Order shall prevent a Receiving Party from contending that any Material designated as 'ATTORNEYS' EYES ONLY or ATTORNEYS' EYES ONLY – Source Code have been improperly designated.  A Receiving Party may at any time request that the Designating Party cancel or modify the confidentiality designation with respect to any Material or information contained therein.

44.   A Party shall not be obligated to challenge the propriety of an "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – Source Code" designation at the time made, and the failure to do so shall not preclude a subsequent challenge thereto.  Such a challenge shall be written, shall be served on Counsel for the Designating Party, and shall particularly identify the Material or information that the Receiving Party contends should be differently designated and the grounds for the objection.  Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

    a.   The objecting party shall request a conference of counsel with the Designating Party (as well as any other interested party) in writing pursuant to Local Rule 37. The Designating Party shall have the burden of justifying the disputed designation;

    b.   Failing agreement, the objecting party may request resolution of the dispute pursuant to the procedures set forth in Local Rule 37 to seek a ruling that the Material in question is not entitled to the status and protection of the Designating Party's designation.

    c.   The parties' entry into this Protective Order shall not preclude or prejudice either party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

d.  Notwithstanding any challenge to a designation, the Designated Material in question shall continue to be treated as designated under this Protective Order until one of the following occurs: (a) the party who designated the Designated Material in question withdraws such designation in writing; or (b) the Court rules that the Designated Material in question is not entitled to the designation.

**O.  <u>Designated Material Subpoenaed Or Ordered Produced In Other Litigation Or Proceeding</u>**

45.  If a Receiving Party is served with a subpoena or order by any court, arbitral, administrative, or legislative body that would compel disclosure of any information, documents or things designated in this action as "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – Source Code," the Receiving Party must so notify the Designating Party through its Counsel, in writing (by fax and email) immediately after receiving the subpoena or order.  Such notification must include a copy of the subpoena or order.  The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue.  The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Designated Material.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**P. Unauthorized Disclosure Of Designated Material**

46. If a Receiving Party learns that, by inadvertence or otherwise, Designated Material has been disclosed to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify Counsel for the Designating Party of the unauthorized disclosures and provide to such Counsel all known relevant information concerning the nature and circumstances of the disclosures, (b) use its best efforts and take all reasonable measures to retrieve all copies of the improperly disclosed Designated Material and to ensure that no further or greater unauthorized disclosures and/or use thereof are made, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

47. Unauthorized or inadvertent disclosure does not change the status of Designated Material or waive the right to hold the disclosed document or information as protected.

**Q. Non-Parties**

48. A non-party producing information or material voluntarily or pursuant to a subpoena or an order from this Court may designate such material or information in the same manner and shall receive the same level of protection under this Protective Order as any Party to this lawsuit.

49. A non-party's use of this Protective Order to protect its "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – Source Code" Material does not entitle that non-party access to any Material produced by any Party in this lawsuit.

50. If Material sought to be produced in this lawsuit is covered by a confidentiality obligation owed to a non-party, the party possessing such information shall (i) identify the information with sufficient particularity as to enable the party requesting the discovery to understand the subject of such

information and the identity of said non-party, and (ii) seek permission from the non-party to produce such information. If the non-party refuses to consent to production of this information, the party requesting the discovery may move for an Order compelling such production from this Court or another court of competent jurisdiction.

**R. Discovery From Outside Consultants**

51. Testifying experts shall not be subjèct to discovery of any draft report in this case or other cases and such draft reports, notes or outlines for draft reports are also exempt from discovery.

52. Discovery of materials provided to Outside Consultants shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by a testifying expert in forming his or her final report, trial or deposition testimony or any final opinion offered or to be offered in this case. No discovery can be taken from any Outside Consultant who does not testify except to the extent that Outside Consultant has provided information, opinions or other materials to a testifying expert, who then relies upon such information, opinions or other materials in forming his or her final report, trial or deposition testimony or any final opinion offered or to be offered in this case.

53. No conversations or communications between Counsel and any Outside Consultant will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case.

54. Materials, communications and other information exempt from discovery under the foregoing Paragraphs shall be treated as attorney-work product for the purposes of this litigation and Protective Order.

**S. Duration**

55. Even after the termination of this action and any related appellate proceedings, the confidentiality obligations imposed by this Order shall remain in

effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**T. Final Disposition**

56. Unless otherwise ordered or agreed in writing by the Designating Party, within sixty (60) calendar days after the final termination of this action (including after any appeals), each Receiving Party must destroy or return the originals and all copies of all Designated Material to the respective Counsel of the Designating Party. As used in this Paragraph, "all Designated Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Designated Material. The Receiving Party must submit a written confirmation of the return or destruction to the respective Counsel of the Designating Party by the 60-day deadline. Notwithstanding this provision, Counsel may retain an archival copy of all pleadings, motion papers, deposition transcripts (including exhibits), transcripts of other proceedings (including exhibits), expert reports (including exhibits), discovery requests and responses (but not productions), exhibits offered or introduced into evidence at trial, legal memoranda, correspondence, or attorney or consultant work product, even if such materials contain Designated Material. Any such archival copies that contain or constitute Designated Material remain subject to this Protective Order as set forth in the "Duration" section above.

**U. Miscellaneous**

57. Any of the notice requirements herein may be waived, in whole or in part, but only by a writing signed by the Counsel for the party against whom such waiver will be effective.

58. This Order is entered without prejudice to the right of any Designating Party to apply to the Court at any time for further or additional protection or to modify this Order, when convenience or necessity requires. Nothing in this Order abridges the right of any person to seek to assert other objections. No Party waives any right it otherwise would have to object to disclosing or producing any

information, documents, or things on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order. This Order shall not constitute a waiver of the right of any party to claim in this action or otherwise that any Designated Material, or any portion thereof, is privileged, immune, or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

59. Before the trial begins, the Parties shall meet and confer in good faith as part of the pre-trial conference statement process to discuss a procedure for identification of and use of Designated Material at trial. The Parties shall include in the pre-trial conference statement, for the Court's consideration, the agreed-upon procedure. If the parties cannot reach agreement on a procedure, a Party may seek appropriate court orders concerning the handling at trial of Designated Material claimed to contain confidential information pursuant to applicable Court rules, including the Federal Rules of Civil Procedure, Federal Rules of Evidence, and Local Rules. The Designated Material shall continue to maintain the protections and designations provided herein until there is a ruling by the Court on the procedures for introduction of evidence at trial or an agreement of the parties. Designated Material not introduced as evidence at trial shall maintain such protections and designations after commencement of any trial in this matter.

60. This Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

61. The United States District Court for the Central District of California, Western Division, is responsible for the interpretation and enforcement of this Protective Order. All disputes concerning Designated Material produced under the protection of this Protective Order shall be resolved by the United States District Court for the Central District of California, Western Division. Every individual who

receives any Designated Material agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings related to performance under, compliance with, or violation of this Order. The Court shall retain jurisdiction after termination of this matter to hear and resolve any disputes arising out of this Order.

62. This Order shall be binding upon the Parties hereto, their Counsel, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, Outside Consultants, and any persons or organizations over which they have direct control.

63. Notwithstanding anything to the contrary above, nothing in this Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Designated Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

64. This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice.

**IT IS SO ORDERED.**

DATED: 12/14, 2009

Suzanne H. Segal
United States Magistrate Judge

DATED: December 11, 2009

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /S/ Danielle L. Gilmore
Danielle L. Gilmore
Attorneys for Plaintiff Big Baboon, Inc.

DATED: December 11, 2009

FENWICK & WEST LLP

By /S/ Darren Donnelly (with permission)
Darren Donnelly
Attorneys for Defendants Amazon.com, Inc., and Amazon Payments, Inc.

DATED: December 11, 2009

ROPES & GRAY LLP

By /S/ Brian P. Biddinger (with permission)
Brian P. Biddinger
Attorneys for Defendants American Honda Motor Co.. Inc.

DATED: December 11, 2009

BAUTE & TIDUS LLP

By /S/ Patrick Maloney (with permission)
Patrick Maloney
Attorneys for Defendants AmerisourceBergen Corporation and Amerisourcebergen Drug Corporation

DATED: December 11, 2009

MUNGER, TOLLES & OLSON LLP

By /S/ Rosemarie T. Ring (with permission)
Rosemarie T. Ring
Attorneys for Defendant Apple Inc.

DATED: December 11, 2009

ALSTON & BIRD LLP

By /S/ Matthew Urbanawiz (with permission)
Matthew Urbanawiz
Attorneys for Defendants Dell Inc., Dell Marketing Corp., and Dell Gen. P. Corp.

DATED: December 11, 2009

FINNEGAN HENDERSON FARABOW GARRETT & DUNNER LLP

By /S/ Jeff Berkowitz (with permission)
Jeff Berkowitz
Attorneys for Defendants FedEx Corporation, and FedEx Corporate Services, Inc.

DATED: December 11, 2009

MUNGER, TOLLES & OLSON LLP

By /S/ Rosemarie T. Ring (with permission)
Rosemarie T. Ring
Attorneys for Defendant Hewlett-Packard Company

DATED: December 11, 2009 BAKER BOTTS L.L.P.

By /S/ Darryl J. Adams (with permission)
Darryl J. Adams
Attorneys for Defendant Ingram Micro Inc.

DATED: December 11, 2009 ORRICK, HERRINGTON & SUTCLIFFE LLP

By /S/ Mark J. Shean (with permission)
Mark J. Shean
Attorneys for Defendant Intel Corporation

DATED: December 11, 2009 FENWICK & WEST LLP

By /S/ Darren Donnelly (with permission)
Darren Donnelly
Attorneys for Defendant Staples, Inc.

DATED: December 11, 2009 ALSTON & BIRD LLP

By /S/ Robert L. Lee (with permission)
Robert L. Lee
Attorneys for Defendant United Parcel Service, Inc.

DATED: December 11, 2009 DICKSTEIN SHAPIRO LLP

By /S/ Lawrence R. LaPorte (with permission)
Lawrence R. LaPorte

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, ______________________________ [print or type full name], state:

1. I reside at ________________________________________________;

2. My present employer is ______________________________________;

3. My present occupation and job description is ________________________________________________;

4. I agree to keep confidential all information provided to me in the matter of *Big Baboon, Inc. v. Dell, Inc. et al.*, Case No. 09-01198 SVW (SSx) in the United States District Court for the Central District of California, Western Division, and consent to be subject to the authority and jurisdiction of that Court for the purpose of any proceeding to enforce the terms of the Order.

5. I have received a copy of the Protective Order entered in this case. Having read and understood the terms of the Order, I agree to be bound by the terms of the Order;

6. At the termination of this action or at any time requested by counsel, I will return to counsel for the party by whom I am employed or to counsel by whom I am employed all Designated Material which have come into my possession, and will return all documents or things I have prepared relating to or reflecting such information as directed by counsel.

7. I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on ______________________________

______________________________
[printed name]

______________________________
[signature]

# EXHIBIT B
# CERTIFICATION OF CONSULTANT

I, ____________________________________________[print or type full name], of ____________________________________________________ am not an officer, director or employee of any Party to the *Big Baboon, Inc. v. Dell, Inc. et al.*, Case No. 09-01198 SVW (SSx) case in the United States District Court for the Central District of California, Western Division, or of a competitor of a Party whose Designated Material I will review, nor do I anticipate becoming an officer, director or employee of a Party or of a competitor of a Party whose Designated Material I will review. If at any time after I execute this Certification of Consultant and during the pendency of the above mentioned case I become an officer, director or employee of a Party, I will promptly inform the counsel for the party who retained me in the Action, and I will not thereafter review any Designated Materials marked by any Party as "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – Source Code" unless and until the Parties agree or the Court orders otherwise.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on ____________________

[printed name]____________________________________

[signature]_______________________________________