LYNN H. PASAHOW (CSB NO. 54283)
lpasahow@fenwick.com
J. DAVID HADDEN (CSB NO. 176148)
dhadden@fenwick.com
DARREN E. DONNELLY (CSB NO. 194335)
ddonnelly@fenwick.com
HECTOR J. RIBERA (CSB NO. 221511)
hribera@fenwick.com
RYAN J. MARTON (CSB NO. 223979)
rmarton@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:  (650) 988-8500
Facsimile:  (650) 938-5200

Attorneys for Defendants
AMAZON.COM, INC. and AMAZON
PAYMENTS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BIG BABOON, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>DELL, INC. et al.,<br><br>Defendants. | Case No.  CV-09-01198 SVW (SSx)<br><br>**DISCOVERY MATTER**<br><br>**JOINT STIPULATION REGARDING DEFENDANT AMAZON'S MOTION TO COMPEL ADEQUATE INFRINGEMENT CONTENTIONS CLAIMS CHARTS FROM PLAINTIFF BIG BABOON IN RESPONSE TO AMAZON'S INTERROGATORY NO. 2**<br><br>Date:  June 22, 2010<br>Time:  10:00 a.m.<br>Place:  Courtroom 23<br>Judge:  Hon. Suzanne H. Segal<br><br>Filing Date:  May 26, 2010<br>Discovery Cutoff Date:  None Set<br>Pretrial Conference Date:  None Set<br>Trial Date:  None Set |
| AND RELATED COUNTERCLAIMS. | |

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTORY STATEMENTS ........................................................ - 1 -

   A.   Amazon's Statement.................................................................... - 1 -

   B.   Big Baboon's Statement ............................................................. - 4 -

II.   INTERROGATORY IN DISPUTE ....................................................... - 7 -

   A.   Amazon's Interrogatory............................................................. - 7 -

   B.   Big Baboon's Responses ............................................................ - 7 -

III.   AMAZON'S CONTENTIONS ............................................................. - 7 -

   A.   Big Baboon's Responses To Amazon's Interrogatory No. 2 are
      Inadequate .................................................................................. - 7 -

      1.   Big Baboon's Latest Set of Infringement Contentions
         Claims Charts Does Not Clearly Explicate Its
         Infringement Theory............................................................. - 7 -

      2.   Big Baboon's Initial Infringement Contentions Claims
         Charts, Which the Court Characterized as "vague," Suffer
         From Many of the Same Deficiencies.................................. - 12 -

      3.   Big Baboon Provides No Infringement Contentions
         Whatsoever for Some Claims ............................................. - 14 -

   B.   Big Baboon Should Supplement Its Infringement Contentions
      Using the Technical Material Provided by Amazon.................... - 14 -

   C.   Big Baboon Has Not Presented Any Convincing Arguments As
      To Why It Should Excused from Immediately Providing
      Adequate Infringement Contentions Claims Charts .................... - 17 -

   D.   Relief Requested........................................................................ - 20 -

IV.   BIG BABOON'S CONTENTIONS ...................................................... - 21 -

   A.   Amazon's Motion To Compel Is Premature ............................... - 21 -

      1.   Discovery Is In Its Early Stages........................................ - 21 -

# TABLE OF CONTENTS
### (continued)

**Page**

2. Big Baboon Previously Provided Detailed Infringement Contentions Based On Publicly Available Information...... - 21 -

3. There Has Not Been Sufficient Time To Analyze Amazon's Recently Produced Source Code And Confidential Technical Documents Available.................... - 22 -

4. Big Baboon Will Supplement Its Infringement Contentions As Discovery Continues ................................ - 23 -

B. Big Baboon's Infringement Contentions Are Sufficient............... - 24 -

1. Big Baboon's Contentions Provide Amazon With Adequate Notice Of The Claims Asserted Against It, The Accused Systems, And How The Accused Systems Infringe The Asserted Claims ............................................. - 24 -

2. Amazon Misleads The Court By Pretending That Big Baboon's Initial Contentions Are All That Exist ............... - 27 -

3. Big Baboon Is Not Required To Provide Supplemental Infringement Contentions Every Time Amazon Makes A Document Production........................................................ - 28 -

4. Amazon's Document Production Remains Incomplete ...... - 29 -

C. The Type Of Detailed Infringement Contentions Amazon Seeks Are Not Required At This Point In The Litigation....................... - 31 -

1. The Local Patent Rules From Other Districts Do Not Apply, Nor Do They Support The Relief Amazon Seeks... - 31 -

2. Amazon's Cited Cases Do Not Require Supplemental Infringement Contentions Three Months After Source Code Is Made Available ..................................................... - 32 -

Pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37, Defendants Amazon.com, Inc. and Amazon Payments, Inc. ("Amazon"), as movants, and Plaintiff Big Baboon, Inc. ("Big Baboon"), as respondent, submit the following Joint Stipulation Regarding Defendant Amazon's Motion to Compel Adequate Infringement Contentions Claims Charts from Plaintiff in Response to Amazon's Interrogatory No. 2.  Pursuant to Local Rule 37-1, on May 4, 2010 the parties conferred in good faith in an attempt to resolve their dispute but were unable to do so.  Declaration of Mashhood Rassam ("Rassam Decl."), Ex. 1 at 23.

# I.   INTRODUCTORY STATEMENTS

## A.   Amazon's Statement

More than a year into this litigation, Amazon brings this motion to compel Big Baboon to provide discovery that patentees typically are obligated to provide in the early stages of a patent infringement matter: a coherent theory of infringement. Amazon's Interrogatory No. 2, which was served on July 21, 2009, requests that Big Baboon provide infringement contentions in the form of a chart specifying where each element of each asserted claim is allegedly found within each of Amazon's accused products: Checkout by Amazon ("CBA"), Fulfillment by Amazon ("FBA"), and Selling on Amazon ("SOA").[1]  To date, Big Baboon has not provided an adequate response to this Interrogatory despite the fact that it was served nearly nine months ago.  Big Baboon has served an initial response, a first supplement, and a second supplement, but these responses have been so deficient as to provide Amazon with little or no understanding of Big Baboon's infringement theory.[2]  Big Baboon's responses suffer from a combination of the following flaws:

- Failure to map the elements of the claims being asserted against Amazon to features of the accused Amazon systems.

---

[1] Rassam Decl., Ex. 2 at 29.

[2] Amazon has repeatedly pointed out these flaws in letters that exhaustively analyze Big Baboon's infringement contentions.  Rassam Decl., Exs. 3, 4 and 5.

- Failure to make any allegations whatsoever as to how some elements of some claims are met by the accused systems.

- Failure to substantiate how an accused system meets claims elements by specifically citing to that which in Amazon's implementation of the accused systems corresponds to each claim element. Indeed, Big Baboon repeatedly asserts based on nothing more than "information and belief" that the accused Amazon features meet the elements of the asserted claims.

- Failure to separately explain how each accused Amazon system meets each element of each asserted claim. In its first two sets of infringement contentions Big Baboon makes no effort to show how each Amazon system infringes the asserted claims based on that system's particular architecture and functionality. Rather, Big Baboon lumps the systems together and alleges that they all meet the claims in question the same way. This makes little sense as the Amazon systems are implemented on different source code, and carry out distinct functions. *See infra* at 12-13 (chart excerpt).

- Failure to provide infringement contentions for all of the claims which Big Baboon contends Amazon is infringing. For instance, Big Baboon has failed to provide any infringement contentions for 40 of the 50 claims which Big Baboon contends SOA is infringing.[3]

Previously, Big Baboon tried to blame the deficiencies in its infringement contentions claims charts on defendants, explaining that it was unable to provide a more exact theory of infringement until defendants produced more technical information. Big Baboon's counsel represented as much to the Court in the March 16 hearing: "But the part that's missing is their technical documents that we don't think we've gotten. We can only do so much with what is publicly available. If they won't give us discovery on their system, it would be much harder for us to give them more details on why their systems infringe our patents."[4] In other words, Big Baboon's counsel indicated that the barrier to providing a clear infringement

---

[3] Big Baboon has repeatedly maintained that it is asserting 50 claims against Amazon, although it has not explained which of the accused Amazon systems allegedly infringe which claims. Rassam Decl., Exs. 2 and 6; Ex. 13 at 410, 417. Consequently, Amazon has no choice but to assume that all 50 claims are being asserted against each accused system.

[4] Rassam Decl., Ex. 7 at 272.

1   theory was the dearth of technical documentation.

2       Amazon made available pursuant to the Protective Order the source code for

3   its accused systems on February 22, 2010.[5]  Subsequently, it decided to hold Big

4   Baboon to its word and asked it to provide adequate infringement contentions based

5   the technical documentation and specific implementation of the accused system in

6   the code by April 27, more than two months after the code was made available.[6]

7   Big Baboon refused.[7]

8       When the parties met and conferred on May 4 regarding Big Baboon's

9   deficient infringement contentions, Big Baboon indicated that it would not provide

10  additional infringement contentions until expert discovery, and until it had had the

11  opportunity to depose Amazon witnesses.[8]  In other words, after having suggested

12  to Amazon and the Court that it would provide details of its infringement theory if

13  it had non-publicly-available technical documentation, Big Baboon now refuses to

14  provide those details, further delaying routine discovery by coming up with new

15  pre-conditions that must be met before it provides interrogatory responses based on

16  the information that has been available to it for months.  When Amazon attempted

17  to compromise by giving Big Baboon until May 14 to provide infringement

18  contentions, Big Baboon did not adhere to the Court's Order of December 22, 2009

19  by making a counteroffer, and instead refused to make any commitment as to when

20  it would provide adequate infringement contentions claims charts.

21      Big Baboon's position is untenable.  It runs contrary to settled case law and

22  the notion that infringement contentions are among the first discovery provided in a

23  patent infringement matter.  It also runs contrary to Big Baboon's representations

24

25  [5] Rassam Decl., Ex. 8.

26  [6] Rassam Decl., Ex. 5 at 92; Ex. 9 at 275.

27  [7] Rassam Decl., Ex. 10 at 279.

28  [8] Rassam Decl., Ex. 1 at 9-10.

1   that it has yet to provide adequate infringement contentions because it lacks the

2   necessary technical information.  Accordingly, more than a year into this case

3   Amazon is forced to build its defenses against allegations of patent infringement

4   without having an understanding of how exactly it is being accused of infringing

5   the claims asserted against it.  Amazon cannot accept this.  As a consequence,

6   Amazon has no choice but to come to Court and ask that Big Baboon be ordered to

7   immediately provide the kind of discovery typically served in the early stages of a

8   patent infringement action: infringement contentions claims charts that clearly set

9   forth the patentee's infringement theory by showing where each element of each

10  asserted claim is found in each accused system, with pinpoint citations to source

11  code and/or documents to substantiate allegations of infringement.

12          **B.     Big Baboon's Statement**

13          Amazon moves to compel Big Baboon to provide something akin to final

14  infringement contentions at an early stage of discovery even though there is no

15  scheduling order, no discovery cut-off date, and no trial date; Amazon's document

16  production is both incomplete and unfinished; and Big Baboon has repeatedly

17  offered to supplement its infringement contentions as discovery progresses.

18  Amazon's premature request should, therefore, be denied.

19          Amazon misleadingly suggests that it long ago produced all of the

20  information required for the detailed infringement charts it requests through this

21  motion.  But this is not true.  Amazon only began producing its confidential

22  documents, including technical documents, in late February, more than six months

23  after Big Baboon served its First Set of Document Requests and after repeated

24  requests by Big Baboon to produce documents sooner.  Thus, for most of this case,

25  Big Baboon has been left with nothing more than publicly available information to

26  use in its infringement charts.

27          Even without the benefit of Amazon's only recently produced confidential

28  documents, Big Baboon provided three iterations of its infringement contentions

based on the publicly available information.  Amazon produced 60,000 source code files just three months ago and started producing relevant technical documents just two months ago.  As Big Baboon reviews these documents (along with those recently produced by the other defendants in this case), it continues to refine its contentions as discovery and Big Baboon's investigation progresses.  Having withheld its production for nine months before producing any portion of its own relevant confidential materials, Amazon is not entitled to now impose an arbitrary deadline essentially demanding detailed, final infringement contentions.  Put simply, Amazon's request is neither proper (because the level of detail it seeks is not required at this stage) nor possible (because two to three months is not sufficient time to review Amazon's incomplete, belated production especially as Amazon itself needed nine months to assemble and produce any of the pertinent source code and documents).

Moreover, Amazon's motion is premature in light of the posture of this case and the circumstances surrounding Big Baboon's present infringement contentions and Amazon's document production.  Discovery is still in its early stages.  Amazon did not produce a single confidential technical document until February 22, 2010, Amazon's document production is still ongoing and woefully deficient in its current state, and Amazon has not provided any information regarding when its document production will be complete.  Nevertheless, Big Baboon provided multiple supplements of its infringement contentions based on publicly available information and has promised further supplementation as discovery progresses.[9]  *See, e.g.,* Rassam Decl., Ex. 10 at 279.

---

[9]   In accordance with the Court's sentiments at the April 6, 2010 status conference, and in an attempt to avoid the need for this Motion to Compel, Big Baboon has repeatedly attempted to resolve this issue by offering to supplement its infringement contentions at an appropriate juncture, but Big Baboon cannot agree to do so on Amazon's arbitrarily short timeline.  Kaericher Decl., Ex. D at 17-19.

1    In any event, Big Baboon's present infringement contentions sufficiently

2    identify the patent claims asserted against Amazon and the Amazon systems that

3    infringe these claims.  Additionally, the contentions describe the manner in which

4    the claims are infringed by Amazon's system.  Of course, as the case progresses

5    and Amazon both completes its future document production and fills in the gaping

6    holes in its past production, Big Baboon will supplement its infringement

7    contentions to provide additional details based on those Amazon documents.  But

8    there is no justification for Amazon's current demand that Big Baboon now provide

9    the type of detailed infringement contentions Amazon seeks simply because

10   Amazon has finally got around to producing some portion of its own documents.

11   Underscoring the absurdity of Amazon's request, Amazon has offered no

12   authority supporting its claim that infringement contentions with pinpoint citations

13   to Amazon's source code and/or technical documents are required at this stage of

14   the litigation.  Instead, Amazon points to Local Patent Rules of other district courts

15   – Local Rules that Amazon previously argued did not apply in this case and, in any

16   event, do not require even preliminary infringement contentions until shortly before

17   or after certain events (like a scheduling order) happen that have not yet happened

18   here.  Amazon also cites two inapposite cases regarding the purported need for a

19   plaintiff to link its infringement contentions to the produced source code at some

20   point in the case.  Both of those cases are factually distinguishable from the present

21   circumstances.  For example, in one of those cases, plaintiffs had access to the

22   source code for nearly a year.  In the other case, the out-of-jurisdiction court

23   applied its own local patent rules to comparatively simple accused products and the

24   associated source code.  Neither of these two cases supports the argument that Big

25   Baboon should be required to provide pinpoint citations to source code just three

26   months after more than sixty thousand files of dense source code – a vast quantity –

27   were made available to it.

28   Amazon's motion should be denied given the motion's prematurity, the

sufficiency of Big Baboon's present contentions, and Amazon's failure to offer any authority supporting its request.  Discovery is ongoing and Amazon is still producing technical documents.  As it has already agreed to do, Big Baboon will supplement its infringement contentions after discovery has significantly progressed, after Amazon has provided complete document production, and after Big Baboon has had a reasonable opportunity to investigate the technical documents and source code it receives.

## II.   INTERROGATORY IN DISPUTE

### A.   Amazon's Interrogatory

For each of **Amazon's accused products** identified in response to Interrogatory No. 1, provide **infringement contentions** consisting of a chart **identifying** specifically where each element of each asserted claim is allegedly found within each of **Amazon's accused products**, including whether an element is literally present or present under the doctrine of equivalents and including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each of **Amazon's accused products** that allegedly performs the claimed function.

### B.   Big Baboon's Responses

Due to their length and formatting, Big Baboon's responses to Amazon's Interrogatory No. 2 are attached here as Exhibits 11, 12, and 13 to the Rassam Declaration.

## III.   AMAZON'S CONTENTIONS

### A.   Big Baboon's Responses To Amazon's Interrogatory No. 2 are Inadequate

#### 1.   Big Baboon's Latest Set of Infringement Contentions Claims Charts Does Not Clearly Explicate Its Infringement Theory

Amazon set forth the deficiencies of the latest set of infringement contentions in an exhaustive letter of March 28, 2010.  Rassam Decl., Ex. 5.  Most troubling, although Big Baboon appears to be asserting the same 50 claims against each of the

accused Amazon systems, its latest responses only purport to lay out Big Baboon's infringement theories with respect to an "exemplary subset" of those claims as to each accused system.  *See* Rassam Decl., Ex. 12 at 357-358; Ex. 13 at 378.  Indeed, the latest set of infringement contentions covers only a small fraction of asserted claims as to CBA, FBA, and SOA.  The chart below shows the number of claims covered by each of Big Baboon's infringement contentions, revealing that the bulk of the claims asserted against Amazon in the initial set of infringement contentions are absent from the latest contentions:

| Amazon Product | Initial Set of Infringement Contentions | First Supplemental Infringement Contentions | Second Supplemental Infringement Contentions |
|---|---|---|---|
| CBA | '690 Patent Claims: 1, 2, 3, 4, 5, 6, 11, 12, 13, 14, 17, 18, 19, 22, 23, 30, 31, 32, 33, 34, 36, 37, 38, 39, 40, 41, 42, 45, 46, 65, 66, 67, 77, 78, 79, 80, 81, 82<br><br>'275 Patent Claims: 4, 5, 6, 7, 8, 9, 10, 13, 18, 19 | '690 Patent Claims: 1, 36<br><br>'275 Patent Claims: 4, 11, 18 | '690 Patent Claims: 1, 2, 30, 35, 36<br><br>'275 Patent Claims: 13, 14, 18 |
| FBA | '690 Patent Claims: 1, 2, 3, 4, 5, 6, 11, 12, 13, 14, 17, 18, 19, 22, 23, 30, 31, 32, 33, 34, 36, 37, 38, 39, 40, 41, 42, 45, 46, 65, 66, 67, 77, 78, 79, 80, 81, 82<br><br>'275 Patent Claims: 4, 5, 6, 7, 8, 9, 10, 13, 18, 19 | '690 Patent Claims: 1, 36<br><br>'275 Patent Claims: 4, 11, 18 | '690 Patent Claims: 1, 2, 19, 22, 30, 35, 36, 37, 74, 81<br><br>'275 Patent Claims: 4, 6, 13, 14, 18, 19 |
| SOA | No Infringement Contentions provided, but presumably all the claims asserted against CBA and FBA are also asserted against SOA. | No Infringement Contentions provided, but presumably all the claims asserted against CBA and FBA are also asserted against SOA. | '690 Patent Claims: 1, 2, 22, 30, 35, 36, 37, 74<br><br>'275 Patent Claims: 18, 19 |

This is unacceptable, as "the patent owner has always borne the burden of proving infringement."  *Wilson Sporting Goods Co. v. David Geoffrey & Assoc.*,

904 F.2d 677, 685 (Fed. Cir. 1990); *see also Diagnostic Sys. Corp. v. Symantec Corp.*, 2009 U.S. Dist. LEXIS 53916, at *22 (C.D. Cal. June 5, 2009) (the patentee must provide defendant notice of its theory of infringement).  If the plaintiff does not satisfy this burden, then Amazon cannot prepare its defense to Big Baboon's suit.  *See Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005) (explaining that "[t]o the extent defendants are given vague infringement contentions, they are hampered in their ability to prepare their defense").

For the "exemplary subset" of claims as to which Big Baboon does provide infringement contentions, it does not set out a clear explanation of Big Baboon's infringement theory, and frequently fails to support the theory it does set out with evidence.  First, on multiple occasions Big Baboon fails to map the claim element in question to anything in the accused systems.  For instance, claim 1 of the '690 patent recites the following elements: "first user inputting a sales record to the database for an order of a customer;" a "second user inputting a customer payment record to the database;" and the "privileges of the first user and second user are at least partially mutually exclusive."  Rassam Decl., Ex. 13 at 394-396.  Big Baboon asserts that the accused Amazon systems meet these elements, but never maps the claim elements to the features of those systems.  *Id.*  Indeed, Big Baboon does not show who the first and second users of the Amazon systems might be, what inputs the "sales record" or "payment record" into the database, or what renders the privileges of the users at least mutually exclusive.  *Id.*  Big Baboon should point to the source code and technical documents relating to the accused Amazon systems in order to map the foregoing elements to those systems, thereby giving Amazon an understanding of how FBA, SOA, and CBA allegedly infringe the claim in question.  The fact that Big Baboon has not done this underscores the inadequacy of its contentions under the case law, which requires that the plaintiff identify where in the accused instrumentality each element of each asserted claim can be found.

*Diagnostic Sys. Corp.*, 2009 U.S. Dist. LEXIS 53916, at *22 (requiring that infringement contentions claims charts contain citations to the source code); *Network Caching Tech., LLC, v. Novell, Inc.*, 2002 U.S. Dist. LEXIS 26098, at *18 (N.D. Cal. Aug. 13, 2002) (criticizing infringement contentions that "provide[] no explanation of how the proxies described in the literature map onto the claim language").

Second, Big Baboon also fails to adequately explain its allegations of infringement under the doctrine of equivalents (if any).  A number of asserted claims recite a "relational database management system," which Big Baboon says is equivalent to the Berkeley Database it believes the accused Amazon systems use based on its reading of an Amazon paper entitled "Dynamo: Amazon's Highly Available Key-value Store."  *See*, *e.g.*, Rassam Decl., Ex. 14.  Specifically, Big Baboon argues that to "the extent that the phrase 'relational database management system' is construed so as to preclude a finding of literal infringement by the Berkeley Database, the Berkeley Database used by Amazon performs the same function in the same way to achieve the same result disclosed in the claim as a traditional relational database management system and thus satisfies this claim limitation under the doctrine of equivalents."  Rassam Decl., Ex. 13 at 393-394.  In other words, Big Baboon merely parrots the legal standard to assert equivalence.  Big Baboon's argument makes little sense because the "Dynamo" paper explicitly explains that the Berkeley Database is not a relational database.  In fact, the authors of the paper note that a "relational database is a solution that is far from ideal" for Amazon's uses, and to remedy the problems presented by relational databases Amazon has developed Dynamo, a storage technology that uses the Berkeley Database as a storage engine.  Rassam Decl., Ex. 14 at 481, 488.  Given the fact that the evidence on which Big Baboon relies flatly states that a Berkeley Database is not relational, to establish equivalence Big Baboon must go beyond reciting the legal standard and provide a factual discussion regarding the differences between

1    the two kinds of databases, explaining how those differences are insubstantial.

2    *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 40 (1997); *see also*

3    *Viskase Corp. v. American Nat'l Can Co.*, 261 F.3d 1316, 1324 (Fed. Cir. 2001).

4         Additionally, Big Baboon repeatedly makes its allegation of infringement

5    "upon information and belief," instead of providing a factual basis as to how any of

6    the accused Amazon systems actually infringe the asserted claims. *See, e.g.*,

7    Rassam Decl., Ex. 13 at 393-394. Basing infringement contentions on nothing

8    more than "information and belief" renders them inadequate, particularly when

9    plaintiff is in possession of the source code, which represents the definitive

10   information on the functionality of the accused systems. *Diagnostic Sys. Corp.*,

11   2009 U.S. Dist. LEXIS 53196, at *22 (requiring infringement contentions to

12   contain citations to source code); *Connectel, LLC v. Cisco Sys., Inc.*, 391 F.Supp.2d

13   526, 527-28 (E.D. Tex. 2005) (requiring pinpoint citations to documents supporting

14   the infringement contentions).

15        Moreover, Big Baboon's failure to substantiate its allegations leads to

16   seemingly nonsensical infringement contentions, making it nearly impossible for

17   Amazon to understand Big Baboon's theory of infringement. For instance, Big

18   Baboon alleges "[o]n information and belief" that the Berkeley Database used by

19   Amazon is a relational database because the accused systems use "the Berkeley

20   Database to store data from multiple business domains, including products and

21   payment domains, either in a single table or in multiple related tables." Rassam

22   Decl., Ex. 13 at 393-394. However, as noted previously the "Dynamo" paper on

23   which Big Baboon relies specifically states that the Berkeley Database is not

24   relational. This means that Big Baboon's evidence actually undermines its

25   infringement allegations, rendering the contentions incoherent to Amazon.

26   Therefore, to present a comprehensible infringement theory Big Baboon should

27   substantiate its allegation that a Berkeley Database is relational by citing to the

28   specific tables to which it refers, and by pointing to portions of the code it believes

1  render the non-relational Berkeley Database relational.

2           **2.     Big Baboon's Initial Infringement Contentions Claims Charts, Which the Court Characterized as "vague," Suffer From Many of the Same Deficiencies[10]**

3

4          Big Baboon's initial set of infringement contentions does address the

5  remaining claims being asserted against Amazon that are left out of the second

6  supplement.[11]  However, as Amazon explained in a letter of September 25, 2009,

7  these contentions are so inadequate that it is not possible for Amazon to glean from

8  them Big Baboon's theory of infringement.  Rassam Decl., Ex. 3 at 31-32.  First,

9  the initial set of infringement contentions makes no distinction as to how each

10  accused system allegedly infringes each claim.  Instead, with respect to each claim

11  element all the systems are lumped together and discussed as if each meets the

12  element in question in the same way.  *See*, *e.g.*, Rassam Decl., Ex. 11 at 304-332.

13  This provides Amazon no insight as to Big Baboon's infringement theory because

14  the accused Amazon systems are distinct, each of which has its own functionality

15  and is implemented by different source code.

16          Second, in its initial set of contentions Big Baboon does not provide evidence

17  for its allegations of infringement, and merely parrots back the claim elements with

18  no effort to map them to the accused instrumentality.  Big Baboon's infringement

19  allegation as to claim 18 of the '690 patent illustrates this point:

20

| Claim Language | Infringement |
|---|---|
| 18. The method of claim 17, wherein return types includes a plurality of the following types: credit, replacement, and | Based on publicly available information, including information from Amazon's web sites and its |

24  _____

25  [10] Rassam Decl., Ex. 7 at 271.

26  [11] Amazon explained to Big Baboon in detailed letter of January 29, 2010 that its first supplemental infringement contentions claims charts are inadequate for a number of reasons, including failure to provide an infringement theory for each asserted claim, parroting back the language of the claims, and failure to map claim elements to features of the accused systems.  Rassam Decl., Ex. 4.

28

| Claim Language | Infringement |
|---|---|
| warranty. | annual reports, and Big Baboon's understanding of Amazon's business processes regarding the services and related systems that implement or enable the Amazon Marketplace, Fulfillment by Amazon, Checkout by Amazon, Amazon Simple Pay, and Amazon Flexible Payment Services and systems and related services, <u>upon information and belief, Big Baboon contends that Amazon's services and related systems support return categories including, at least, credit, replacement, and warranty returns.</u> |

*Id.* at 311 (emphasis added).  Courts require more than merely mimicking the claim language on the basis of "information and belief," as Big Baboon has done here. *Network Caching Tech, LLC*, 2002 U.S. Dist. LEXIS 26098, at *18 (stating it "is plainly insufficient" to "provide no further information to defendants than the claim language itself"); *Mckesson Info. Sols. LLC v. Epic Sys. Corp.*, 242 F.R.D. 689, 695 (N.D. Ga. 2007) (mere recitation of the "language of the claim element at issue, is insufficient").  Among the other flaws in Big Baboon's treatment of claim 18 is that Big Baboon does not identify critical terms, such as "credit, replacement, and warranty returns."  The deficiencies laid bare by Big Baboon's infringement contentions as to claim 18 are exemplary of the shortcomings in Big Baboon's initial set of infringement contentions as a whole.

Finally, at times Big Baboon gives no explanation as to how some limitations of some claims are met by the accused systems.  For instance, with respect to claim 45 from the '690 Patent, which is not included in the supplemental responses, Big Baboon's chart does not mention the following limitations or how they are alleged to be performed by Amazon: "selecting a baseline vendor," "electronically retrieving product information from the baseline vendor," "electronically retrieving

product information from at least one additional vendor" and "consolidating information from both the baseline vendor and the additional vendor into a common record for display."  Rassam Decl., Ex. 11 at 320.  Such glaring omissions make it difficult to discern Big Baboon's infringement theory.

### 3. Big Baboon Provides No Infringement Contentions Whatsoever for Some Claims

For 40 of the 50 claims which Big Baboon alleges are infringed by SOA, Big Baboon provides no infringement contentions.  Big Baboon accused SOA of infringement after it had already served its initial set of infringement contentions. *See, e.g.*, Ex. 13 at 459.  As such, the <u>only</u> infringement contentions Big Baboon has provided for SOA are for the 10 claims in the "exemplary subset" covered in the second supplemental infringement contentions.  For the remaining 40 claims, Amazon is in the dark as to Big Baboon's infringement theory.

### B. Big Baboon Should Supplement Its Infringement Contentions Using the Technical Material Provided by Amazon

On February 22, Amazon made available the source code for FBA, CBA, and SOA, which represents the definitive information on the functionality of those systems.  Rassam Decl., Ex. 8 at 274.  Amazon did so in an effort to expedite the possibility of obtaining adequate infringement contentions for all the claims being asserted against it.  To date, however, Big Baboon has refused to supplement its contentions.  Because Big Baboon has had access to Amazon's source code for over three months, it should immediately provide infringement contentions which demonstrate how each element of each asserted claim is allegedly infringed by each Amazon system, and such allegations should be supported by pinpoint citations to the code.

Requiring Big Baboon to provide contentions without further delay comports with the law.  In particular, *Diagnostic Sys. Corp*. supports the notion that a plaintiff should provide infringement contentions based on the accused system's

- 14 -

1  source code after plaintiff has had a reasonable amount of time to review that code.

2  In that case defendant moved to compel plaintiff to serve adequate infringement

3  contentions, arguing that plaintiff's current contentions failed to set forth its

4  infringement theory with requisite specificity despite the fact that defendant had

5  produced its source code eleven months ago. *Id.* at *8.  The Court agreed with

6  plaintiff that defendant's contentions were vague because they "fail to identify how

7  the source code for any of MicroStrategy's accused software products infringe upon

8  specific claims of the DSC's '590 patent." *Id.* at *18.  Consequently, the Court

9  ordered plaintiff to provide supplemental infringement contentions based on the

10  source code within fifteen calendar days from the date of the Order. *Id.* at *25.

11  The Court justified its decision as follows:

12  
13              [A]fter a plaintiff-patentee has had a reasonable opportunity to review
                the source code for the defendants' accused software product, the
14              patentee's time for trolling the proverbial waters for a theory of
                infringement comes to an end, and the patentee must fish or cut bait
15              with respect to its specific theory of infringement by providing PICs to
                the defendant that clearly identify and explain how the source code for
16              the accused product infringes upon the specific claims for the patent-
                in-suit.
17  

18  *Id.* at *22.  The Court also indicated that thirty days was a reasonable amount of

19  time for a plaintiff to review source code and provide contentions based on that

20  code. *Id.* at *19-20.  Consequently, *Diagnostic Sys. Corp.* establishes that three

21  months is adequate for Big Baboon to review Amazon's code and provide

22  infringement contentions based on that code and other technical documents.  *See*

23  *also Am. Video Graphics, L.P.*, 359 F. Supp. 2d at 561 (ordering plaintiff to

24  supplement its claim charts with specific references to defendant's source codes

25  within 30 days of the date defendant deposited its source code into escrow).

26          Requiring Big Baboon to immediately provide adequate infringement

27  contentions also comports with the preferred manner in which patent infringement

28  cases are typically managed.  Indeed, the Federal Judicial Center's PATENT CASE

MANAGEMENT JUDICIAL GUIDE suggests that requiring adequate infringement contentions to be served early has the benefit of informing the parties about the boundaries of the case, and can minimize the "shifting sands" approach to litigation where the plaintiff continually alters its theories of infringement. *See* § 2.1.2. The JUDICIAL GUIDE bases this approach on the practice of a number of other District Courts, which have adopted rules for ensuring the early provision of infringement contentions. *See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365-1366 (Fed. Cir. 2006) (Patent Local Rules "require[] both the plaintiff and the defendant in patent cases to provide early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery"). *See also* N.D. Cal. Patent L.R. 3-1 (infringement contentions must be served fourteen days after initial case management conference); S.D. Cal. Patent L.R. 3-1 (infringement contentions must be served fourteen days after initial case management conference); D. N.J. L. Pat. R. 3.1 (infringement contentions must be served fourteen days after initial scheduling conference); N.D. Ga. LPR 4.4 (infringement contentions must be served thirty days after filing Joint Preliminary Report and Discovery Plan); W.D. Pa. LPR 3.2 (infringement contentions must be served thirty days after initial scheduling conference); E.D. Tex. P.R. 3-1 (infringement contentions must be served ten days before initial case management conference); W.D. Wash. Local Patent Rule 120 (infringement contentions must be served fifteen days after scheduling conference). If Big Baboon is now allowed to ignore the notion that adequate infringement contentions are routinely provided early in patent infringement matters, Amazon will be severely prejudiced as it will be denied the opportunity to understand the metes and bounds of the case being asserted against it and build its defense accordingly.

**C.** **Big Baboon Has Not Presented Any Convincing Arguments As To Why It Should Excused from Immediately Providing Adequate Infringement Contentions Claims Charts**

Big Baboon has argued that it is under no obligation to provide adequate infringement contentions at this point in the case because it is too early for it to provide an exact theory of infringement. *See*, *e.g.*, Rassam Decl., Ex. 10 at 278. In fact, during the meet and confer of May 4 counsel for Big Baboon indicated that it had no obligation at all to provide adequate infringement contentions during the fact discovery, and that it can wait until expert discovery to do so: "it's our position that these contention interrogatories on infringement are premature at this time, the kind of infringement analysis that you're demanding with citations to source code is something that will necessarily be done by an expert and will be the subject matter of expert opinion." Rassam Decl., Ex. 1 at 9.

Big Baboon's position is unacceptable. First, it entirely ignores the fact that under Fed. R. Civ. P. 33, Amazon is entitled to a full response to its interrogatory based on the information available to Big Baboon. Big Baboon cannot rewrite the Federal Rules to delay responding to an interrogatory seeking fact discovery until the expert discovery phase of the case. *Cable & Computer Tech. v. Lockheed Sanders, Inc.*, 175 F.R.D. 646, 652 (C.D. Cal. 1997) (ordering plaintiff to respond to contention interrogatories prior to providing expert opinions). Second, Amazon needs to understand Big Baboon's infringement contentions prior to expert discovery so that it can build its case. Indeed, upon providing adequate infringement contentions Big Baboon will focus the case by revealing which claim terms are central, thereby allowing Amazon to begin preparing for claim construction. In addition, after analyzing adequate infringement contentions Amazon can discern whether it can move for summary judgment of noninfringement early by assessing how Big Baboon believes Amazon's technology reads on the claims at issue. To take a final example, sufficient infringement contentions can focus Amazon's efforts at third party discovery by

allowing it to understand how Big Baboon interprets the claims at issue, thereby guiding Amazon's search for prior art that reads on those claims.  Absent adequate infringement contentions from Big Baboon, however, Amazon cannot understand the parameters of plaintiff's case and develop its defensive strategy.  *Am. Video Graphics, L.P.*, 359 F. Supp. 2d at 560 (explaining that "[t]o the extent defendants are given vague infringement contentions, they are hampered in their ability to prepare their defense").  *See also Diagnostic Sys. Corp.*, 2009 U.S. Dist. LEXIS 53916, at *22 (the patentee must provide defendant notice of its theory of infringement); PATENT CASE MANAGEMENT JUDICIAL GUIDE § 2.1.2.  Finally, Big Baboon's position reveals its hypocrisy: while in February Big Baboon filed a motion to compel defendants to provide invalidity charts because it felt entitled to know defendants' invalidity positions, it now argues that it is too early for it to provide a comprehensible infringement position.

Nor can Big Baboon argue that it is under no obligation to immediately provide adequate infringement contentions because doing so would be burdensome.  Specifically, during the May 4 meet and confer counsel for Big Baboon argued that it did not need to provide infringement contentions in the near future because Amazon has produced nearly 60,000 files of source code, and because the expert who has been reading Amazon code "is not available every day to work on this case."  Rassam Decl., Ex. 1 at 10, 14.  This does not excuse Big Baboon from living up to its obligations.  First, the 60,000 files provided by Amazon is the comprehensive code for SOA, FBA, and CBA, and had Amazon not provided all of that code Big Baboon would likely have complained that it cannot provide adequate infringement contentions because Amazon's production is deficient. In addition, Big Baboon has been unable to provide infringement contentions based on Amazon's code not because the code is voluminous, but because Big Baboon has not been diligent in reviewing it and has not provided sufficient staffing for the review.  Since the code was produced Big Baboon has had one reader, Norman

1    Jacobson, inspect the code on two different occasions at the offices of Amazon's

2    counsel: April 19 and May 3.  Rassam Decl., ¶2.  In other words, Big Baboon did

3    not ever bother to look at the code until after it had been available for nearly two

4    months.  Since Big Baboon has begun to inspect the code, it has done so in a

5    leisurely manner, reviewing it for one day at the offices of Amazon's counsel and

6    taking a break of two weeks before returning to inspect it for an additional day.

7    When asked during the May 4 meet and confer when Big Baboon next planned to

8    review Amazon's source code at the offices of Fenwick & West LLP, Big Baboon's

9    counsel had no concrete plans to do so.  Rassam Decl., Ex. 1 at 23.  The fact that

10   counsel for Big Baboon has not properly managed this aspect of discovery does not

11   excuse it from providing adequate infringement contentions in a timely manner.

12        Big Baboon also cannot argue that it should be excused from providing

13   adequate infringement contentions in a timely manner because Amazon's source

14   code is incomplete.  During the meet and confer of May 4 counsel for Big Baboon

15   argued for the first time that it believed Amazon has omitted certain technical

16   documents or portions of source code, although Big Baboon provided little

17   specificity as to what is actually missing.  Rassam Decl., Ex. 1 at 14.  This does not

18   excuse Big Baboon from producing timely infringement contentions.  First, this

19   assertion runs counter to Big Baboon's complaint that Amazon has produced too

20   much code; indeed, Big Baboon cannot seem to decide if Amazon has produced too

21   many files of code, or not enough.  Second, the fact is that Amazon has produced

22   all the code for CBA, FBA and SOA, but to the extent Big Baboon needs additional

23   code Amazon will consider Big Baboon's requests.  Regardless of what code Big

24   Baboon believes is or is not missing, however, the fact is that Big Baboon must

25   review the thousands of files of source that have already been produced, and

26   provide infringement contentions claims charts based on that code.  If additional

27   relevant documents are produced after such contentions are provided, and Big

28   Baboon's contentions are incomplete or incorrect, it can complete or correct them

1   as contemplated by the Federal Rules by adding citations to the material that

2   otherwise had not been made known to Big Baboon.

3        Finally, Big Baboon is wrong to argue that it has not had three months to

4   review the source code because Amazon did not produce it properly on February

5   22. Specifically, Big Baboon has argued that upon making its source code available

6   Amazon did not properly identify it as required by the Protective Order. Rassam

7   Decl., Ex. 15 at 497. This argument is baseless. The Protective Order requires that

8   the producing party provide "some identification of the source code that is

9   available." Rassam Decl., Ex. 16 at 512. Amazon did just that when it notified Big

10  Baboon that Amazon's source code was available for review. Rassam Decl., Ex. 8

11  at 274. It is not clear what more Amazon should have done, and Big Baboon has

12  not specifically explained what the Protective Order requires that Amazon has

13  failed to do. Furthermore, if Big Baboon truly did not comprehend what source

14  code Amazon was making available then it should have called Amazon's counsel

15  and asked, rather than sitting on its hands for nearly two months and doing nothing.

16       **D.    <u>Relief Requested</u>**

17       For the foregoing reasons, Amazon respectfully asks the Court to order Big

18  Baboon to immediately provide infringement contentions claims charts that explain

19  where each element of each of the 50 claims being asserted against Amazon is

20  allegedly found in each of Amazon's accused systems. These infringement

21  contentions should not be based on "information and belief," but rather all

22  allegations should be substantiated with specific citations to code and/or other

23  technical documents showing the particular factual bases for Plaintiff's contentions

24  and an explication of how Plaintiff contends the cited material demonstrates the

25  alleged infringement.

26

27

28

IV.   **BIG BABOON'S CONTENTIONS**

    A.   **Amazon's Motion To Compel Is Premature**

        1.   **Discovery Is In Its Early Stages**

Amazon recently communicated to Big Baboon that "[d]iscovery has barely begun in this action."  Kaericher Decl., Ex. C.  On this point, Big Baboon agrees. As it stands today, this action is still in the very early stages of discovery. Specifically, the Court has not yet held a scheduling conference, nor has the Court issued a scheduling order or set a discovery schedule.  Amazon only recently began its production of technical documents and source code, which remains substantially incomplete.  And, during the parties' Rule 37-1 conference, Amazon advised that it has additional technical documents still to be produced.  Rassam Decl., Ex. 1 at 23-25.  Moreover, only one deposition has been taken in the entire case – that of the inventor (Charles Wong).

Because discovery is only in its early stages, Amazon's demand is extremely premature.  Certainly, once Amazon has (either voluntarily or by Court order) completed its document production, and Big Baboon has had an opportunity to review that production, Big Baboon will supplement its contentions.  But there is no basis for Amazon's demand that Big Baboon immediately provide infringement contentions with the level of detail that a patent infringement plaintiff may decide to provide at the end of discovery, in expert reports, or at trial if pertinent or needed to prove infringement.

        2.   **Big Baboon Previously Provided Detailed Infringement Contentions Based On Publicly Available Information**

In an effort to address Amazon's stated concern that it did not understand which systems were currently being accused of infringement, Big Baboon provided Amazon with not one, not two, but three sets of increasingly more detailed infringement contentions.  Big Baboon served initial infringement contentions on September 16, 2009, followed by more in-depth infringement contentions on

- 21 -

1 November 30, 2009.  Rassam Decl., Ex. 11, 12.  Most recently, Big Baboon served

2 highly detailed infringement contentions on February 3, 2010, setting forth 82

3 pages of claims charts that meticulously map the patent claims to Amazon's

4 accused systems on an element-by-element basis.  Rassam Decl., Ex. 13.  Although

5 Amazon had already been a party to this action for nearly nine months, Big Baboon

6 was forced to produce these infringement contentions based solely on publicly

7 available information.  At the time Big Baboon produced these claim charts, despite

8 Big Baboon's repeated requests that Amazon produce documents, Amazon had still

9 not produced even a single non-public technical document describing its accused

10 systems.  In such circumstances, plaintiffs are understandably limited in their

11 ability to prepare infringement contentions due to "defendants' sole possession of

12 the information that plaintiff needs."  *Diagnostic Sys. Corp. v. Symantec Corp.*,

13 2009 WL 1607717, *4 (C.D. Cal. June 5, 2009).

14
15 **3.    There Has Not Been Sufficient Time To Analyze Amazon's Recently Produced Source Code And Confidential Technical Documents Available**

16    Although Amazon has been a party to this action since May 7, 2009, it only

17 recently began to produce non-public technical documents and make its source code

18 available for review.  While Amazon has long been aware of the systems Big

19 Baboon is accusing of infringement, it did not even begin to make source code for

20 those systems available until February 22, 2010, more than nine months after it

21 joined this action and more than six months since it received Big Baboon's First Set

22 of Document Requests.  Rassam Decl., Ex. 8.  Likewise, Amazon did not begin to

23 produce other confidential technical documents describing its systems until

24 March 23, 2010, more than ten months after it joined this action and more than

25 seven months since it received Big Baboon's Document Requests.  Kaericher Decl.,

26 Ex. A.

27    Amazon's complaints about Big Baboon's purported lack of diligence ignore

28 the substantial delay caused by Amazon's failure to produce information responsive

to Big Baboon's document requests.  Indeed, Amazon took more than nine months to locate, evaluate and begin the production of its *own* source code, despite having unfettered access to the Amazon programmers and developers who understand these materials better than Big Baboon or its experts.  Yet Amazon expects Big Baboon to have reviewed, evaluated, analyzed this source code, and supplemented its infringement contentions, in less than half that time.  Even now that Amazon has finally begun to make its source code available for review, it has quickly become apparent that substantial portions of Amazon source code are still missing from this initial production.  At the same time, Amazon has included source code that is no longer currently used by Amazon's systems.  Rassam Decl., Ex. 1 at 24-25.[12]

### 4.   Big Baboon Will Supplement Its Infringement Contentions As Discovery Continues

While Big Baboon has already provided infringement contentions that are more than adequate for this very early stage in discovery, especially in light of Amazon's unjustified delay in providing any meaningful discovery until only recently, Big Baboon fully intends to supplement its infringement contentions at an

---

[12]   Making matters more difficult are the provisions of the agreed-upon Protective Order, which require Big Baboon to first request access to Amazon's source code, and then travel with its technical expert to the Mountain View, California offices of Amazon's counsel to review any source code or other materials that Amazon has designated as "source code" under the Protective Order.  *See* Stipulated Protective Order (D.I. 196) at ¶22.  Big Baboon's review of these source code materials can only occur electronically, using a computer in a secure room located in Amazon counsel's office.  *Id.* at ¶23(a).  Big Baboon is only allowed to print source code under very limited circumstances, and then only in very limited amounts.  *Id.* at ¶23(c).  While Big Baboon's expert may take notes during his source code review, he may not copy any source code into his notes, or take notes electronically using any computer.  *Id.* at ¶23(b).  Big Baboon certainly appreciates Amazon's heightened confidentiality concerns with respect to its competitively sensitive source code materials, and understands the reasons for Amazon's requested special handling of its source code materials.  However, in light of Big Baboon's restricted access to these materials, it is plainly inconsistent with the spirit of the Protective Order for Amazon to now demand that Big Baboon provide expedited, rapid in-depth review and analysis of Amazon's source code materials.

appropriate juncture, as "is often part of the normal, expected course of litigation." *Samsung SDI Co., Ltd. v. Matsushita Elec. Indus. Co., Ltd.*, 2006 WL 5097360, *2 n.2 (C.D. Cal. June 5, 2006) (denying defendants' Motion to Dismiss Inadequately Supported Claims and to Strike Related Infringement Contentions). To that end, quick Big Baboon is quickly working to review the material Amazon has finally begun to provide. Presently, considering the number of defendants involved and the early posture of those defendants' document production, it is far too early in discovery for Big Baboon to supplement its infringement contentions for the fourth time. Once the discovery process has had an opportunity to meaningfully progress, Big Baboon will supplement its response to Interrogatory No. 2 with more detailed infringement contentions, but it would be highly premature to do so right now.

**B. Big Baboon's Infringement Contentions Are Sufficient**

**1. Big Baboon's Contentions Provide Amazon With Adequate Notice Of The Claims Asserted Against It, The Accused Systems, And How The Accused Systems Infringe The Asserted Claims**

At this early stage in the discovery process, Big Baboon's infringement contentions are more than adequate to provide Amazon with an understanding of Big Baboon's infringement theory, including the claims Big Baboon is asserting, the Amazon systems that are accused, and the manner in which those systems infringe the asserted claims. Specifically, Big Baboon's most recent infringement contentions include 82-pages of detailed claims charts that exhaustively map asserted claims to Amazon's accused systems, doing so on an element-by element basis and with specific reference to documentation describing the accused systems. *See* Rassam Decl., Ex. 13. At this stage of litigation, Big Baboon has done all that is required. *See Samsung SDI Co., Ltd.*, 2006 WL 5097360 at *2 ("[T]here is no requirement that [the plaintiff] thoroughly present and successfully defend its theories of infringement in the confines of a PIC chart. At this stage, mapping specific elements of defendants' allegedly infringing products onto [the plaintiff's]

1    claim construction is adequate.") (quoting *Network Caching Tech., LLC v. Novell,
2    Inc.*, 2003 WL 21699799, *5 (N.D. Cal. March 21, 2003)).[13]

3        In an effort to obtain what it is not yet entitled to, Amazon grossly
4    mischaracterizes Big Baboon's current infringement contentions, asserting Big
5    Baboons is obligated to provide "adequate" infringement contentions at an early
6    point in discovery, but then pretending that Big Baboon's existing infringement
7    contentions are not "adequate" because they do not have the level of detail normally
8    provided in final infringement contentions, served after the close of discovery.  The
9    misleading nature of this logic is demonstrated by the fact that Big Baboon's most
10   recent infringement contentions are infinitely more detailed than the infringement
11   contentions at issue in the cases Amazon cites in support of its argument.[14]

12       For example, the court in *American Video Graphics v. Electronic Arts, Inc.*,
13   359 F. Supp. 2d 558 (E.D. Tex. 2005) rejected the defendants' argument that
14   plaintiff's claims charts were inadequate because they provided no notice of
15   infringement beyond what was provided by the language of the claims themselves,
16   finding plaintiff had provided as much detail as possible without being given a
17   reasonable opportunity to review defendants' source code.  *Id.* at 559-61.  Even a
18   cursory review of the exemplary claim chart in *American Video Graphics, L.P.* and

19   _____

20   [13]   *Network Caching* and *Samsung* involved preliminary infringement contentions
     required by local rules or court order, respectively.  Here, there is no local rule or
21   court order that requires preliminary infringement contentions.  However, even
     under these more demanding preliminary infringement contention standards, the
22   *Network Caching* and *Samsung* courts found that early infringement contentions
     which provided an identification of asserted claims and asserted systems were
23   sufficient.  Big Baboon's infringement contentions more than meet this standard for
     the level of detail required at this early stage of the litigation.
24

25   [14]   Amazon's assertion that Big Baboon moved to compel more detailed invalidity
     charts from Amazon but refuses to provide more detailed infringement contentions
26   is similarly misleading.  While Big Baboon has already provided Amazon with 82
     pages of detailed claims charts, at the time Big Baboon moved to compel, Amazon
27   had not provided *any* invalidity charts.  Moreover, Big Baboon's motion was
     denied.
28

                                        - 25 -

1    Big Baboon's most recent claims charts demonstrates that Big Baboon's charts are

2    incomparably more comprehensive and detailed, providing substantially more

3    information than "'that which is provided by the mere language of the patent[ ].'"

4    *Id.* at 560 (quoting *STMicroelectronics, Inc. v. Motorola, Inc.,* 308 F. Supp. 2d 754,

5    755 (E.D. Tex. 2004)).

6         Likewise, the court in *Connectel, LLC v. Cisco Systems, Inc.*, 391 F. Supp. 2d

7    526 (E.D. Tex. 2005) found the infringement contentions at issue did "not refer in

8    their text to a single structure, process, algorithm, feature or function of any

9    accused product." *Id.* at 528.  In contrast, Big Baboon's most recent infringement

10   contentions repeatedly refer to specific features and functions of Amazon's accused

11   systems, comparing them to the claims on an element-by-element basis through

12   specific citation to publicly available information.

13        Finally, the court in *Network Caching Technology, LLC v. Novell, Inc.* 2002

14   WL 32126128 (N.D. Cal. Aug. 13, 2002) found the plaintiff provided "no link

15   between the quoted passages and the infringement contention that simply mimics

16   the language of the claim," providing "no further information to defendants than the

17   claim language itself." *Id.* at *6.  Again, Big Baboon's most recent infringement

18   contentions contain significantly more detail, providing Amazon with much more

19   information than simply mimicking the claim language, which is all Big Baboon is

20   required to do at this stage in litigation. *See Network Caching Tech., LLC*, 2003

21   WL 21699799 at *4 ("At this juncture, a party may comply with Patent LR 3-1 by

22   setting forth particular theories of infringement with sufficient specificity to provide

23   defendants' with notice of infringement beyond that which is provided by the mere

24   language of the patents themselves.") (denying defendant's motion to dismiss and

25   to sanction plaintiff's counsel).

26        Amazon's other contentions regarding the adequacy of Big Baboon's most

27

28

recent infringement contentions are equally misleading.[15]  For instance, Amazon contends that Big Baboon's infringement contentions are inadequate because they rely on "information and belief."  Although this might be an issue if these were final infringement contentions, Big Baboon is entitled to rely on "information and belief" at this very early stage of discovery, especially as Amazon has only recently begun the production of source code or other technical documentation describing its systems, a production that remains substantially incomplete and otherwise deficient.  Neither of the cases Amazon cites supports the contention that plaintiffs cannot rely on "information and belief" during the early stages of discovery.  *See Diagnostic Sys. Corp.*, 2009 WL 1607717, *Connectel, LLC*, 391 F. Supp. 2d 526.

> **2.    Amazon Misleads The Court By Pretending That Big Baboon's Initial Contentions Are All That Exist**

In a further attempt to mislead the Court, Amazon extensively discusses the alleged deficiencies in Big Baboon's initial infringement contentions, acting as though Big Baboon's recent and highly detailed infringement contentions do not exist because they are directed at an exemplary subset of the asserted claims.  In fact, Big Baboon agreed to provide these detailed claims charts covering an exemplary subset of the asserted claims as a compromise to provide Amazon with a better understanding of Big Baboon's theory of infringement.  As many of the asserted claims share common elements, language and themes, producing such highly detailed infringement contentions for every single asserted claim would have been an expensive and largely wasteful process, resulting in much longer claims charts with substantially redundant additional language.

---

[15]  To the extent Amazon disagrees with the merits of Big Baboon's infringement contentions, a Motion to Compel is the improper method to resolve such concerns.  *See supra* at 11.  Indeed, "[preliminary infringement contentions] are not meant to provide a forum for litigation of the substantive issues; they are merely designed to streamline the discovery process."  *Network Caching Tech., LLC*, 2003 WL 21699799 at *5.

As recently as March 26, 2010, when Big Baboon asked Amazon to identify the affirmative defenses it intended pursue in this case, Amazon refused based on the early posture of this case.  As Amazon's counsel stated:

> "Discovery has barely begun in this action, and not a single deposition has been taken . . . Those depositions, and other discovery, may provide Amazon . . . with more information as to every one of the affirmative defenses [it has] currently pled.  Consequently, Amazon . . . believe[s] [it is] entitled to continue [its] investigation, conduct additional discovery, and gauge the outcome of further court proceedings, including claim construction, before [it] decide[s] whether [it] will cease to pursue any of the affirmative defenses [it has] pled."

Kaericher Decl., Ex. C.

Just as Amazon believes it is entitled to continue the discovery process before it decides on a final (or even preliminary) set of affirmative defenses it intends to pursue, Big Baboon believes it is entitled to do the same before it must decide on a final set of asserted claims.  Amazon cannot pretend that Big Baboon is resting only on its initial infringement contentions because its most recent and more detailed infringement contentions do not expressly address every asserted claim. By including an exemplary subset of claims, Big Baboon's infringement contentions provide Amazon with an understanding of Big Baboon's overall infringement theory for all the asserted claims, just as they were designed to do.

### 3. Big Baboon Is Not Required To Provide Supplemental Infringement Contentions Every Time Amazon Makes A Document Production

Now that Amazon has finally begun its production of source code and other technical documents, more than a nine months after it joined this action, it demands that Big Baboon immediately complete its review of this material and supplement

its infringement contentions to include claims charts with a level of detail typically provided within final infringement contentions.[16]  Big Baboon is simply not required to supplement its infringement contentions every time Amazon produces some documents as part of its rolling, and apparently unending, document production.

Creating detailed infringement contentions is a painstaking and time consuming process, and engaging in continuous supplementation every time there is a new production of documents is an inefficient way to conduct discovery.  For example, when Big Baboon last supplemented its infringement contentions on February 3, 2010, Amazon completed a production of additional documents several weeks later, followed shortly thereafter by demands that Big Baboon supplement its infringement contentions once again, ultimately leading directly to this motion to compel.  Big Baboon has already provided three sets of infringement contentions, and it will supplement its infringement contentions yet again at an appropriate juncture, once discovery has had an opportunity to meaningfully progress, but it is under no obligation to do so now based merely on Amazon's latest production of documents.

### 4.    Amazon's Document Production Remains Incomplete

Amazon's current production of source code and other technical documents remains substantially incomplete.  For example, during the limited time it has been granted access under the Protective Order to Amazon's source code materials, Big Baboon has already uncovered evidence that Amazon's production is incomplete; namely, multiple instances of programs that import code from other unproduced

---

[16]   Amazon attempts to mislead the Court yet again by suggesting Big Baboon said it would provide final infringement contentions once Amazon provided technical documents.  In the context of discussing Defendants' deficient invalidity charts, Big Baboon simply noted that the manifestly deficient state of Defendants' document production precluded any realistic discussion about providing more detail in Big Baboon's infringement contentions.

programs.  This missing source code severely obstructs any attempt at a meaningful review of the source code that was recently produced, akin to attempting to construct a jigsaw puzzle with only half the pieces (and no box lid showing the completed puzzle).  One cannot understand the source code that has already been produced without the ability to review the source code it references or imports.  Thus, Big Baboon cannot simply complete a review of the source code that has been produced to date, and then go back later once Amazon produces the substantial portions that are still missing.  Without full production, Big Baboon's analysis is severely restricted.

Likewise, Amazon has yet to produce any of the essential materials it provides its own programmers to help them understand its systems.  These are materials which Amazon was required to produce under the language of the Stipulated Protective Order.  *See* Rassam Decl., Ex. 16 at ¶21.  Specifically, Amazon has failed to provide its source code encyclopedia, "OmniGrok," an indispensable tool Amazon's programmers use to understand and manipulate the source code.  Any of Amazon's programmers would have known that this document is absolutely necessary if one is to understand the source code, yet Amazon has not provided it to Big Baboon.  In addition, Amazon has failed to provide Big Baboon with any of the corresponding schema describing its source code.  This is yet another essential tool Amazon provides its own programmers, who would have known that without it, any attempt to review and understand the source code would be extremely inefficient at best, if not impossible.

Finally, Amazon did not produce *any* other technical documents describing its systems until over a month after it produced source code, further precluding any attempt to realistically review or understand the source code.  Kaericher Decl., Ex. A.  Presently, Amazon has provided no indication as to whether it has completed its production of other technical documents, how much more must still be produced, or when that production will take place.  Under these circumstances, it

1   is extremely impractical and inefficient for Big Baboon to go through the time

2   consuming process of supplementing its infringement contentions every time

3   Amazon completes some portion of its document production.

4       **C.**    **The Type Of Detailed Infringement Contentions Amazon Seeks Are Not Required At This Point In The Litigation**

5

6           **1.**    **The Local Patent Rules From Other Districts Do Not Apply, Nor Do They Support The Relief Amazon Seeks**

7           Amazon brings this motion to compel based on the untenable position that

8   "infringement contentions claims charts . . . with pinpoint citations to source code"

9   are "the kind of discovery typically served in the early stages of a patent

10  infringement action." *See supra* at 4.  Big Baboon is not aware of any jurisdiction

11  that requires infringement contentions with this level of detail during the early

12  stages of litigation, which explains why Amazon has failed to provide any relevant

13  law in support of its position.

14          Amazon relies in part on the local patent rules of other jurisdictions to assert

15  that requiring Big Baboon to immediately provide infringement contentions with

16  pinpoint citation to source code and/or technical documents "comports with the

17  preferred manner in which patent infringement cases are typically managed." *See*

18  *supra* at 15-16.  However, as Defendants previously argued to the Court when Big

19  Baboon moved to compel invalidity charts, the local patent rules of other

20  jurisdictions do not apply to this action.  Amazon cannot now turn around and

21  attempt to rely on the same rules it previously argued are inapplicable just because

22  it mistakenly believes they now support its arguments.  Notably, the court in

23  *Diagnostic Systems Corp.* (the only Central District patent case Amazon cites)

24  specifically denied a request to adopt the Northern District of California's Local

25  Patent Rules. *Id.* at *2.

26          Moreover, most of the local patent rules Amazon cites only call for plaintiffs

27  to provide their initial infringement contentions shortly before or after an initial

28  scheduling or case management conference creating a plan for discovery.  As the

1    Court has not yet held a scheduling conference, nor has the Court issued a

2    scheduling order or set a discovery schedule, these local rules are not only generally

3    inapplicable to this action, they are also specifically distinguishable from the

4    circumstances at hand.

5           Perhaps of greatest importance is Amazon's mistaken assertion that because

6    these rules require plaintiffs to provide early infringement contentions, Big Baboon

7    is somehow immediately required to provide what Amazon deems "adequate"

8    infringement contentions.  Amazon's requirement that "adequate" infringement

9    contentions must include pinpoint citations to source code and/or technical

10   documents has absolutely no relevance to the initial infringement contentions other

11   jurisdictions require under their local patent rules.  Not one of the local patent rules

12   Amazon cites even mentions the use of source code or technical documents within

13   initial infringement contentions, let alone requiring the pinpoint citations Amazon

14   demands.  Other jurisdictions simply do not require this level of detail within initial

15   infringement contentions, instead waiting until much later in discovery, if not final

16   infringement contentions, before they require as much.  *See, e.g., Network Caching*

17   *Tech., LLC*, 2003 WL 21699799 at *4-*5 ("[Northern District of California] Patent

18   LR 3-1 does not require [plaintiffs] to produce evidence of infringement or set forth

19   ironclad and irrefutable claim constructions . . . Nor does Patent LR 3-1 require that

20   [plaintiff's] preliminary infringement theories be incontrovertible or presented in

21   excruciating detail.").

22                    **2.    Amazon's Cited Cases Do Not Require Supplemental
                             Infringement Contentions Three Months After Source Code
23                           Is Made Available**

24          Amazon contends that "[b]ecause Big Baboon has had access to Amazon's

25   source code for over three months, it should immediately provide infringement

26   contentions" with pinpoint citations to source code and/or technical documents.

27   *See supra* at 14.  As Big Baboon has repeatedly pointed out, none of the cases

28   Amazon cites require this.  *See, e.g.,* Kaericher Decl., Ex. B; Rassam Decl., Ex. 15,

Ex. 10, Ex. 1 at 9-11.

To support its position, Amazon relies almost exclusively on *Diagnostic Systems Corp.*, 2009 WL 1607717, attempting to mislead the Court yet again by arguing "*Diagnostic Sys. Corp.* establishes that three months is adequate for Big Baboon to review Amazon's code and provide infringement contentions based on that code." *See supra* at 15. At the time the court in *Diagnostic Systems Corp.* ordered the plaintiff to supplement its infringement contentions, the defendants' source code had been available for *nearly a year*. *Id.* at *1-*2. Accordingly, Amazon's argument is deeply flawed at best.

Moreover, at the time the defendants in *Diagnostic Systems Corp.* moved to compel, the court had already issued a scheduling conference order requiring plaintiff to provide claims charts by a specific date. *Id.* In contrast, the Court in this action has not yet held a scheduling conference, nor has it issued a scheduling order or set a discovery schedule. Hence, *Diagnostic Systems Corp.* has little or no relevance to this motion. Rather, as other Central District cases make clear, plaintiffs need not provide any evidentiary support within initial infringement contentions, let alone pinpoint citation to source code and/or technical documents. *See Samsung SDI Co., Ltd.*, 2006 WL 5097360 at *1 ("The plaintiff is not, however, required to 'produce evidence of infringement' . . . or 'to provide [evidentiary] support for its contentions'") (quoting *Network Caching Tech., LLC*, 2003 WL 21699799 at *3).

Even if the procedural circumstances were the same, there is absolutely no reason to assume that because *Diagnostic Systems Corp.* held that one year was sufficient time to review the source code in that case, it has any application whatsoever to Big Baboon's review of Amazon's source code. Every system is different, as is its underlying source code, and, consequently, the amount of time

1   that is reasonably necessary to complete the review of source code may vary

2   significantly from one case to another.[17]

3        For example, the sheer quantity of the source code itself must be

4   considered.[18]  Thus far, Amazon has produced more than 60,000 files of source

5   code.  This alone would take any programmer a very long time to review, even if

6   the programmer were provided with the essential corresponding schema and source

7   code encyclopedia which Amazon has failed to produce.  In addition, substantial

8   portions of Amazon's source code are still missing; Big Baboon does not know

9   how much more there is or when it will be made available.  Hence, it is absurd to

10  conclude that what another court deemed a reasonable time period to review source

11  code has any bearing whatsoever on the facts of this case.  Where there is more

12  source code, it will necessarily take longer to review.

13       Amazon also cites *American Video Graphics*, 359 F. Supp. 2d 558, where the

14  court ordered plaintiff to supplement its infringement contentions within 30 days of

15  the deposit of source code into escrow.  As an initial matter, *American Video*

16  *Graphics* is an Eastern District of Texas case applying Patent Rule 3-1 from that

17  jurisdiction.  Amazon cannot equitably rely on the local patent rules of another

18  jurisdiction, having already argued to the Court that those same rules are

19  inapplicable to this action.  Furthermore, for reasons already discussed, there is no

20  reason to assume that the timeframe adopted in *American Video Graphics* has any

21  application to the circumstances at hand, especially because it appears the products

22  at issue in that case, as well as their source code, were comparatively very simple.

23       Without providing any relevant legal or factual support for its position,

24  [17]  Moreover, the Stipulated Protective Order's restrictive source code access

25  provisions necessarily make any review and analysis of Amazon's source code
    more time consuming and difficult.  See note 12, *supra*.

26  [18]  Contrary to Amazon's assertions, Big Baboon has never complained that too

27  much source code has been produced – Big Baboon wants all of the source code –
    but more source code necessarily requires more time to review.

28

- 34 -

1   Amazon asserts that three months constitutes a sufficient opportunity for Big

2   Baboon to complete its review of Amazon's source code (substantial portions of

3   which have yet to be produced) and provide claims charts with the level of detail

4   normally provided in final infringement contentions.  In reality, because of the

5   substantially incomplete and otherwise deficient nature of Amazon's production to

6   date, Big Baboon has not yet been afforded *any* meaningful opportunity for review,

7   nor is it in a position to commit to a firm timetable to complete its review and

8   analysis independent of Amazon's own commitment to complete its document

9   production and fill in the missing gaps in past productions.  Unless Amazon

10  resolves the multiple deficiencies in its own production, it is clear that Amazon's

11  suggested three month timetable is grossly unrealistic and prejudicial.  For all these

12  reasons, Amazon's premature request should be denied.

13

14  Dated: May 26, 2010                    FENWICK & WEST LLP

15

16                                         By: */s/ Mashhood Rassam*
                                               Mashhood Rassam
17

18                                         Attorneys for Defendants
                                           AMAZON.COM, INC. and AMAZON
19                                         PAYMENTS, INC.

20  Dated: May 26, 2010                    QUINN EMANUEL URQUHART &
                                           SULLIVAN, LLP
21

22

23                                         By: */s/ Christopher A. Mathews*
                                               Christopher A. Mathews
24
                                           Attorneys for
25                                         Plaintiff BIG BABOON, INC.

26

27

28