LYNN H. PASAHOW (CSB NO. 54283)
lpasahow@fenwick.com
J. DAVID HADDEN (CSB NO. 176148)
dhadden@fenwick.com
DARREN E. DONNELLY (CSB NO. 194335)
ddonnelly@fenwick.com
HECTOR J. RIBERA (CSB NO. 221511)
hribera@fenwick.com
RYAN J. MARTON (CSB NO. 223979)
rmarton@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

Attorneys for Defendants
AMAZON.COM, INC. AND AMAZON PAYMENTS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BIG BABOON, INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>     v.<br><br>DELL, INC., et al.,<br><br>            Defendants. | Case No. CV-09-01198 SVW (SSx)<br><br>**DEFENDANT AMAZON'S SUPPLEMENTAL MEMORANDUM FOR AMAZON'S MOTION TO COMPEL ADEQUATE INFRINGEMENT CONTENTIONS CLAIMS CHARTS FROM PLAINTIFF BIG BABOON IN RESPONSE TO AMAZON'S INTERROGATORY NO. 2**<br><br>Date: June 22, 2010<br>Time: 10:00 a.m.<br>Place: Courtroom 23<br>Judge: Hon. Suzanne H. Segal<br><br>Filing Date: May 26, 2010<br>Discovery Cutoff Date: None Set<br>Pretrial Conference Date: None Set<br>Trial Date: None Set |
| AND RELATED COUNTERCLAIMS | |

1

## I. INTRODUCTION

Amazon's opening motion established that Big Baboon should be ordered to immediately provide infringement contentions for three main reasons. First, Big Baboon's infringement contentions are inadequate. Second, the case law establishes that after having had access to defendant's source code for a reasonable amount of time, a patentee must provide adequate infringement contentions based on that code and other technical information. Third, although Big Baboon has had access to Amazon's source code for over three months, it has not been diligent in reviewing that code, inspecting it on only two occasions.

Big Baboon's opposition fails to undermine any of these arguments. In response to Amazon's first point Big Baboon repeatedly proclaims its infringement contentions to be adequate, but makes no attempt to refute the specific problems Amazon highlighted in Big Baboon's infringement contentions. Instead, Big Baboon conflates verbosity with adequacy by asserting that its latest set of contentions spans 82 pages and apparently is the only discovery that, on its theory, it believes it is obliged to provide until expert reports and completion of other parties' document discovery. Opening Br. (Dkt. No. 251) at 22 & 24. As for Amazon's second point, Big Baboon provides no credible reason as to why the case law cited by Amazon does not apply to this case. Rather, Big Baboon resorts to the unhelpful tactic of limiting the case law to its facts, and argues that since the facts of the case law cited by Amazon do not resemble facts of the case at hand to the last detail, then the law does not apply. *Id*. at 33. Finally, Big Baboon does not provide a single credible explanation as to why it has only reviewed Amazon's code twice since it was produced. *Id*. at 30. Having unsuccessfully tried to undermine Amazon's arguments, Big Baboon concludes that it will produce infringement contentions at some undefined "juncture" of its choosing. *Id*. at footnote 9.

This is unacceptable. Amazon is entitled to understand Big Baboon's theory of infringement, and cannot wait for Big Baboon to determine when the

"appropriate juncture" will arrive for it to produce adequate infringement contentions. Because Big Baboon has failed to demonstrate that its contentions are adequate or that it will diligently review Amazon's code and provide adequate infringement contentions, Amazon respectfully asks that the Court order Big Baboon to immediately produce, as the law requires, infringement contentions that adhere to the strictures specified in Amazon's opening motion. Requiring Big Baboon to provide such contentions does not mean that it would be forced to provide final infringement contentions at this point in the case, as Big Baboon alleges; indeed, in its opening papers Amazon explicitly stated that Big Baboon is free to supplement any contentions it provides to the extent such supplementation is based on newly available information. *Id*. at 19-20. At this point, Amazon is merely asking Big Baboon to diligently review the material that has been made available to it (technical documentation and source code for the accused features which definitively shows operation of these features) and based on that information provide a detailed theory of infringement that is sufficiently particular that we can factually rebut and defend and is free from the defects identified in Amazon's opening motion -  just as defendants provided Big Baboon with a detailed invalidity theory in March.

## II. ARGUMENT

### A. Big Baboon Fails to Rebut Arguments That Its Infringement Contentions Claims Charts Are Inadequate

As Amazon explained in its opening motion, the infringement contentions Big Baboon has served in response to Amazon's Interrogatory No. 2 are inadequate. Opening Br. at 7-14. Big Baboon has failed to rebut this argument. To start, although Amazon specifically pointed to several defects in Big Baboon's latest set of infringement contentions, at no point does Big Baboon directly address any of these arguments to show that Amazon's analysis is incorrect. Opening Br. at 7-12. For instance, Amazon analyzed Big Baboon's contentions with regard to

3

particular claims to show that Big Baboon fails to map claim elements to features of the accused products. *Id*. Big Baboon neither takes issue with Amazon's examples, nor cites to other specific instances in its charts where claims elements are mapped to the accused products. Rather, Big Baboon tries to establish that its latest set of infringement contentions is adequate by repeatedly explaining that they span "82-pages," and by asserting, without a single reference to the contentions themselves, that they "meticulously map the patent claims to Amazon's accused systems on an element-by-element basis." *Id*. at 22. The length of infringement contentions or mere assertions regarding their level of detail does nothing to counter Amazon's detailed analysis regarding the deficiencies of Big Baboon's latest set of infringement contentions.

   Big Baboon also provides no credible explanation as to why the vast majority of the 50 claims being asserted against Amazon are not covered in the latest infringement contentions. *Id*. at 8-9. Big Baboon simply states that because "many of the asserted claims share common elements, language and themes, producing such highly detailed infringement contentions for every single asserted claim would have been an expensive and largely wasteful process, resulting in much longer claims charts with substantially redundant additional language." *Id*. at 27. This argument is baseless. A defendant is entitled to infringement contentions for the claims being asserted against it, and Big Baboon has cited no authority for the proposition that a patentee can withhold infringement contentions because it might redundant to draft those contentions. *See Diagnostic Sys. Corp. v. Symantec Corp.*, 2009 U.S. Dist. LEXIS 53916, at *22 (C.D. Cal. June 5, 2009) (the patentee must provide defendant notice of its theory of infringement). Big Baboon does not even provide specific examples as to how drafting a full set of contentions would lead to redundancy. *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998) (holding that the "party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and

supporting its objections").

Moreover, Big Baboon's argument regarding the expense of drafting a complete set of contentions is nonsensical. If as Big Baboon contends providing a full set of contentions would have been redundant, then it should have been relatively easy and inexpensive for Big Baboon to cut and paste the contentions that apply to more than one claim. Big Baboon can also reduce any expense associated with providing a full set of infringement contentions by narrowing the case and dropping some of the 50 claims it is asserting against Amazon – particularly if the uncharted claims are redundant of those that are charted as Big Baboon contends.

Moreover, Amazon cannot be liable for infringement of a "theme," and it is entitled to know specific contentions of infringement of identified patent claims, not vague generalities from which Big Baboon can later conjure its actual specific infringement positions. Allowing Big Baboon to delay taking a position as to which claims are being asserted flies in the face of the sound case management practice in which narrowing issues early in the case in order to focus the parties' disputes. Big Baboon's position would have it be able to enlarge or change the contours case at any time, which will frustrate narrowing issues for claim construction, delay revealing potentially case-dispositive issues for the court, and opening up the need to redo third party and other discovery in light of untimely-revealed theories.

Nor does Big Baboon establish that its initial set of contentions is adequate. Never in its opposition does Big Baboon substantively engage with the deficiencies Amazon locates in Big Baboon's initial set of infringement contentions. For instance, Big Baboon does not explain why its contention as to claim 45 of the '690 patent does not address how a number of claim elements read on the accused products. Opening Br. at 13-14. Rather, Big Baboon complains that Amazon discussed the initial set of contentions at all, arguing that by doing so "Amazon misleads the court by pretending the Big Baboon's initial set of infringement

contentions are all that exist." *Id.* at 27-28. It is not clear how Big Baboon can make this accusation in good faith given the fact that four pages of Amazon's portion of the joint stipulation are focused on Big Baboon's latest set of infringement contentions. *Id.* at 7-12. To the extent that Amazon does discuss Big Baboon's initial set of infringement contentions it does so because the vast majority of the fifty claims being asserted against Amazon are only covered in the initial set. *Id.* at 8.

Big Baboon also fails to rebut Amazon's argument that its infringement contentions are inadequate under the case law because they are based on "information and belief." Opening Br. at 11-12. Big Baboon just tries to shrug off this defect by stating that it is justified in providing infringement contentions based on "information and belief" because "Amazon has only recently begun the production of source code or other technical documents describing its systems." Opening Br. at 27. This assertion is flat wrong. Amazon made its source code available over three months ago on February 22, and that code represents the best evidence regarding the architecture and functionality of Amazon's accused systems. Rassam Decl. (Docket No. 252), Ex. 8. Perhaps Big Baboon believes that the source code was made available only recently because it did not bother to start reviewing it until April 19. Rassam Decl., ¶ 2. Regardless, with access to Amazon's source code Big Baboon has no excuse for basing its infringement contentions on "information and belief."

Finally, Big Baboon does not explain why it has provided no contentions for 40 of the 50 claims being asserted against Selling on Amazon ("SOA"). Opening Br. at 14. It simply ignores the issue. Big Baboon's failure to address this specific defect and the other shortcomings in its infringement contentions that are highlighted by Amazon underscores the fact that Big Baboon's infringement contentions are inadequate, and that the inadequacies are indefensible.

### B. The Case Law Is Clear That Big Baboon Must Supplement Its Deficient Contentions

In its opening brief Amazon established that under the case law, Big Baboon is required to supplement its contentions because once a patentee has had a reasonable amount of time to review the plaintiff's source code, it must produce infringement contentions showing where each element of each accused system can be found in the code. Opening Br. at 14-15. In particular, this proposition is supported by *Diagnostic Sys. Corp.*, a case which is remarkably similar to the case at hand because in *Diagnostic Sys. Corp.* defendant had not received adequate contentions despite producing its source code. U.S. Dist. LEXIS 53916, at \*22. Big Baboon trots out a series of arguments as to why *Diagnostic Sys. Corp.* is inapplicable to this case. Opening Br. at 33-34. None are successful.

First, Big Baboon argues that *Diagnostic Sys. Corp.* does not apply because in that case the patentee had had the defendant's source code for eleven months, while in this case Amazon's code has only been available for just over three months. Opening Br. at 33. This does not mean that it is too early for Big Baboon to provide infringement contentions based on source code. The holding of *Diagnostic Sys. Corp.* is not limited to the facts of the case before the Court; on the contrary, the Court held that the patentee must provide an infringement theory after "[it] has had ***a reasonable opportunity to review the source code*** for the defendant's accused software product." 2009 U.S. Dist. LEXIS 53916, at \*22 (emphasis added). At no point did the court hold that a reasonable amount of time must be eleven months or more, and that its holding did not apply if a patentee had had access to the source code for less time. In fact, the Court explained that eleven months "is more than…reasonable," and even suggested that thirty days may be sufficient. *Id*. at \*21. Thus, Big Baboon is wrong to say that the eleven-month timeline in *Diagnostic Sys. Corp.* renders that case inapplicable to the one at hand.

Big Baboon also tries to unsuccessfully distinguish *Diagnostic Sys. Corp.*

7

1  because in that case a scheduling order was in place mandating that charts be
2  produced by a certain date. Opening Br. at 33. Again, this does not mean that the
3  holding of *Diagnostic Sys. Corp.* is inapplicable. The Court in that case did not
4  predicate its holding on the fact that a scheduling order was in place, but rather
5  based its decision on the notion that adequate infringement contentions should be
6  provided because without them defendant's ability to build a defense would
7  hampered. *Diagnostic Sys. Corp.*, U.S. Dist. LEXIS 53916, at *19. In fact, the
8  Court had set a deadline for the provision of infringement contentions in the first
9  place to allow defendant to understand the patentee's theory of infringement early
10 in the case, and to prevent plaintiff from opening a "Pandora's box" with respect to
11 its infringement theory wherein the theory would continually shift. *Id.* at *12.
12 Such facts militate in favor applying *Diagnostic Sys. Corp.* to the instant case.
13     Nor do the cases cited by Big Baboon undermine *Diagnostic Sys. Corp.* by
14 establishing that Big Baboon's contentions are in fact adequate. Specifically,
15 relying on *American Video Graphics v. Electronic Arts, Inc.,* 359 F. Supp. 2d 558
16 (E.D. Tex. 2005), Big Baboon asserts that its infringement contentions claims
17 charts are sufficient because they are more detailed than the exemplary charts
18 discussed in that chase, which the Court deemed to be the best the patentee could
19 do at that particular point in the litigation. Opening Br. at 25-26. The exemplary
20 charts in *American Video Graphics* display contentions that merely parrot back the
21 claim language with no citations to evidence that substantiates the contention. 359
22 F. Supp. 2d at 559. Unfortunately, Big Baboon fails to discuss key passages of the
23 case that completely undermine its argument. Specifically, while the *American*
24 *Video Graphics* Court explained that the contentions before it would suffice for the
25 time being because without the source code the plaintiff could do no better, the
26 Court also explained that once plaintiff "has access to the code, it will be able to
27 supplement its 3-1(c) disclosures and better inform Defendants as to its
28 infringement contentions." *Id.* at 561. In other words, the Court suggested that it

would be incumbent on the patentee to provide better contentions once it had access to the accused infringer's code. *See Connectel, LLC v. Cisco Sys., Inc.*, 391 F.Supp.2d 526, 528 (E.D. Tex. 2005) (explaining that "the Court in *American Video Graphics* ordered the plaintiff to serve supplemental PICs after conducting discovery and reviewing source code"). Thus, the logic of *American Video Graphics* does not excuse Big Baboon from failing to provide adequate contentions since gaining access to Amazon's code, but rather compels it.

Big Baboon also claims that regardless of the holding in *Diagnostic Sys. Corp.*, its contentions are adequate because they are better than the contentions found wanting in *Connectel, LLC* and *Network Caching Technology, LLC v. Novell, Inc.*, 2002 WL 32126128 (N.D. Cal. Aug. 13, 2002). But the contentions provided by Big Baboon are no better than the contentions found inadequate in those cases. For instance, the Court in *Network Caching Technology* found the infringement contentions at issue to be deficient in part because the contentions merely mimic the claim language. *Id.* at *6. Big Baboon's first set of contentions also do nothing more than repeatedly parrot the language of the asserted claims. Opening Br. at 12-13. To take another example, the Court in *Connectel* found the infringement contentions before it to be inadequate because the contentions at issue did not map claim elements to features of the accused systems. 391 F. Supp. 2d at 528. Again, Big Baboon's charts are just as bad. In its opening papers Amazon pointed to examples showing that Big Baboon's latest set of contentions fail to map claim elements to features of the accused systems. Opening Br. at 9-10. Nowhere in its opposition does Big Baboon rebut these arguments.

**C.  Big Baboon Has Failed to Diligently Review Amazon's Source Code**

As Amazon argued in its opening brief, Big Baboon should be ordered to provide adequate contentions because it has not dedicated sufficient time or staffing to reviewing Amazon's code so that it can voluntarily comply with its legal

9

obligation of producing an intelligible infringement theory. Opening Br. at 18-19. Big Baboon tries to explain away its lack of diligence by offering a number of excuses, but none are convincing. First, Big Baboon argues that it has not been able to properly review Amazon's code because the code and Amazon's document production are incomplete. Opening Br. at 29-30. As Big Baboon knows, Amazon's systems is designed as independent components and even if Big Baboon were correct for some component — which Amazon disputes — it would still be abel to respond as to the other components. Even so, Big Baboon provides no support for the assertion that "substantial portions" of the code are missing, such as a declaration from its expert specifying what precisely is missing and how Big Baboon knows it is missing. Opening Br. at 30. Moreover, "OmniGrok" which Big Baboon contends is missing is neither a document nor related to operation of the accused features. Rather, it is simply a source code search program. Its operation does not change how Big Baboon could articulate its infringement theories. *Id*. Not having "OmniGrok" should not delay analysis of the code as Big Baboon's expert has Microsoft's flagship professional source code search and development tools — Visual Studio — already available to him in the review environment and can provide another program if he prefers. Thus, the code that has been available to Big Baboon, along with tens of thousands of pages of Amazon technical documents in Big Baboon's possession, provides more than enough information for Big Baboon to articulate a concrete infringement theory for each accused system.

  Big Baboon also contends that rather than being dilatory in reviewing Amazon's code, it is doing so "quickly" but the review will nonetheless take a long time. Opening Br. at 24 & 34. To bolster this argument Big Baboon points out that it took Amazon nine months to "evaluate" its own code. Opening Br. at 23. In light of the fact that Big Baboon has only spent two days reviewing Amazon's code, the assertion that it is working quickly to conduct its analysis is absurd.

Furthermore, Big Baboon is wrong to say that it needs additional time to review Amazon's code because it took Amazon nine months to "evaluate" its own code. This is simply not the case, and Big Baboon knows it. As counsel for Amazon explained to counsel for Big Baboon in late 2009, Amazon began to provide discovery in early 2010 because it is a retailer which was busy with the holiday season in the final months of 2009.

Finally, Big Baboon suggests that it can review Amazon's code at a leisurely pace because counsel for Amazon has stated that it is early in the case. Opening Br. at 21. Big Baboon is taking a statement out of context to make its point. Counsel for Amazon explained that discovery is in its early stages in response to Big Baboon's query as to whether Amazon and Staples intend to pursue all of their affirmative defenses, a decision that is typically made during the trial phase of litigation. Kaericher Decl. (Dkt. No. 253), Ex. C. It does not follow from this statement that Big Baboon is excused from providing adequate infringement contentions, which is the kind of discovery that is typically provided in the early stages of a patent infringement matter. Opening Br. at 15-16.

## III. CONCLUSION

For the foregoing reasons, Amazon respectfully requests that the Court grant its motion to compel an adequate response to Amazon's Interrogatory No. 2.

Dated: June 8, 2010      FENWICK & WEST LLP

By: s/Mashhood Rassam
    Mashhood Rassam

Attorneys for Defendants
AMAZON.COM, INC. AND AMAZON PAYMENTS, INC.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW