# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIG BABOON CORPORATION, a Delaware Corporation, | NO. CV 09-01198 SVW (SSx) |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | **GRANTING IN PART AND DENYING IN** |
| DELL, INC., a Delaware Corporation, et al., | **PART AMAZON'S MOTION TO COMPEL** |
| Defendants. | **[DOCKET NO. 250]** |

On May 26, 2010, Defendant Amazon.com, Inc. ("Amazon") filed a "Motion To Compel Adequate Infringement Contentions Claims Charts From Plaintiff Big Baboon In Response to Amazon's Interrogatory No. 2" (the "Motion to Compel"). The Motion to Compel seeks an order compelling Plaintiff Big Baboon Corporation ("Big Baboon") to produce more detailed infringement charts. The parties submitted a Joint Stipulation ("Jt. Stip.") in connection with the Motion to Compel. On June 8, 2010, Big Baboon and Amazon filed separate Supplemental Memoranda ("Big Baboon Supp. Memo." and "Amazon Supp. Memo.," respectively). On June 22, 2010, the Court held a hearing on the Motion to Compel. For the reasons stated below, the Motion to Compel is GRANTED in part and DENIED in part.

# I. BACKGROUND OF DISCOVERY DISPUTE

## A. Amazon's Contentions

The Motion to Compel concerns Amazon's Interrogatory No. 2. Interrogatory No. 2 states:

> For each of Amazon's accused products identified in response to Interrogatory No. 1, provide infringement contentions consisting of a chart identifying specifically where each element of each asserted claim is allegedly found within each of Amazon's accused products, including whether an element is literally present or present under the doctrine of equivalents and including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each of Amazon's accused products that allegedly performs the claimed function.

(Jt. Stip. at 7). Amazon asserts that this interrogatory seeks infringement claims charts that set forth Big Baboon's infringement theory by showing where each element of each asserted claim is found in each accused system, with pinpoint citations to source code and/or documents to substantiate allegations of infringement. (Jt. Stip. at 4).

Pursuant to this Court's Stipulated Protective Order, Amazon provided Big Baboon with the source code for its accused systems on

February 22, 2010. (Jt. Stip. at 3). Upon providing the source code to Big Baboon, Amazon asked Big Baboon to provide supplemental infringement contentions with specific references to source code by April 27, 2010. (Id.). Amazon contends that, although four months have passed since Amazon provided Big Baboon with its source code, Big Baboon has failed to provide adequate infringement contentions. (Id.). At the June 22 hearing, Amazon argued that the format in which it provided Big Baboon its source code should allow Big Baboon's expert to sufficiently analyze the code. It further argued that Big Baboon should be able to analyze the source code without a Rule 30(b)(6) deposition of Amazon on this topic. Amazon also argued that Big Baboon's request to analyze the code in the environment in which it is normally run is only a delay tactic, and not essential for Big Baboon to analyze the source code.

Amazon contends that the lack of adequate infringement contentions has forced it to "build its defenses against allegations of patent infringement without having an understanding of how exactly it is being accused of infringing the claims asserted against it." (Jt. Stip. at 4). Amazon seeks an order compelling Big Baboon to immediately provide infringement contentions claims charts that show where each element of each asserted claim is found in each accused system, with pinpoint citations to source code and/or documents to substantiate allegations of infringement. (Id.).

**B.  Big Baboon's Contentions**

According to Big Baboon, Amazon's request is premature because Amazon is asking for something "akin to final infringement contentions"

3

1  despite the lack of a scheduling order, discovery cut-off date, and
2  trial date. (Jt. Stip. at 4). Big Baboon contends that Amazon's
3  request is improper because it seeks a level of detail not required at
4  this stage of discovery. (Id. at 5). Big Baboon further contends that
5  Amazon's motion is unnecessary because Big Baboon has repeatedly offered
6  to supplement its infringement contentions as discovery progresses.
7  (Id. at 4). Additionally, Big Baboon contends that its present
8  infringement contentions sufficiently identify the patent claims against
9  Amazon. (Id. at 6).
10
11     Big Baboon argues that the timetable suggested by Amazon is not
12 possible because "two to three months is not sufficient time to review
13 Amazon's incomplete, belated production . . . ." (Id.). Big Baboon
14 notes that Amazon has produced 60,000 source code files that Big Baboon
15 must now review. (Id. at 5). It also contends that it has not been
16 able to separate those files currently being used by Amazon's systems
17 from those no longer employed, making it difficult to determine which
18 sections of the code Big Baboon should examine. (Big Baboon Supp.
19 Memo., Bakewell Decl, Ex. A at 5-6).
20
21     Big Baboon asserts that Amazon has not produced materials essential
22 to understanding the code. (Jt. Stip. at 30). Specifically, Big Baboon
23 contends that Amazon has not produced "Omnigrok," Amazon's source code
24 encyclopedia, nor a system level map that documents how its code
25 functions. (Id.). Big Baboon alleges that in searching the code that
26 has been produced, it has found references to six files that were not
27 included in the source code production. (Big Baboon Supp. Memo.,
28 Bakewell Decl, Ex. A at 5). It further contends that it has not been

able to analyze the accused Amazon systems because Amazon has not made the source code available in an environment in which the programs are normally run. (Id. at 6). Finally, Big Baboon contends that it needs to depose Amazon programmers to understand how Amazon's code works. (Id.).

## II. THE MOTION TO COMPEL IS GRANTED IN PART AND DENIED IN PART

### A. Big Baboon Must Produce Infringement Charts That Clearly Show Where Each Element Of Each Asserted Claim Is Found In Each Accused System With Pinpoint Citations To Source Code

Big Baboon has had access to the source code since February 22, 2010, more than four months. Big Baboon has not adequately demonstrated that it is incapable of providing more detailed infringement contentions at this point in the litigation. Big Baboon must move expeditiously to produce more detailed contentions, now that Amazon has produced its source code information.

Amazon notes that some jurisdictions have adopted Local Patent Rules ("Rules") to help guide discovery matters in patent cases. Their purpose is to "make the parties more efficient, to streamline the litigation process, and to articulate with specificity the claims and theory of a plaintiff's infringement claim." Intertrust Tech. Corp. v. Microsoft Corp., 2003 WL 23120174, at *2 (N.D. Cal. 2003). While the Central District of California does not have its own rules, it has occasionally employed the rationale of rules from other jurisdictions during discovery disputes. See Diagnostic Systems Corp. v. Symantec

Corp., et al., 2009 WL 1607717, at *2 (C.D. Cal. 2009) (choosing to adopt "specific local patent rules – or the principles embodied by those rules – based upon a perceived need.").

The Northern District of California's Local Patent Rule 3-1 requires:

> Not later than 10 days after the Initial Case Management Conference, a party claiming patent infringement must serve on all parties a "Disclosure of Asserted Claims and Preliminary Infringement Contentions" which shall contain the following information:
>
> (b) Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible.
>
> (c) A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function.

1  N.D. Cal. Local Patent Rule 3-1.  The Northern District of California
2  has required the plaintiff to "compare an accused product to its patents
3  on a claim by claim, element by element basis for at least one of each
4  defendant's products . . . ."  <u>Network Caching Tech., LLC v. Novell,</u>
5  <u>Inc.</u>, 2003 WL 32126128, at *5 (N.D. Cal. 2002).  The Court notes that
6  the general application of the Northern District's rule to the present
7  case would assist the parties in moving the case forward.

9      Big Baboon contends that its "present infringement contentions
10 sufficiently identify the patent claims against Amazon and the Amazon
11 systems that infringe these claims."  (Jt. Stip. at 6).  Big Baboon
12 argues that its "82-pages of detailed claims charts that exhaustively
13 map asserted claims to Amazon's accused systems" is sufficient.  (Jt.
14 Stip. at 24) (citing Rassam Decl., Ex. 13).  However, the current charts
15 do not contain citations to source code.

17     In general, courts have declined to compel pinpoint citations in
18 infringement contentions only when the plaintiff did not yet have source
19 code information.  <u>See</u> <u>Network Caching</u>, 2002 WL 32126128, at *7 (holding
20 that plaintiff was not required to pinpoint the infringing routine or
21 algorithm because the only way to do so "is to analyze the source code,
22 which is solely in the defendant's possession.").

24     Once source code has been provided to the plaintiffs, however,
25 courts have required plaintiffs to supplement their infringement charges
26 with pinpoint citations. <u>See</u> <u>Diagnostic Systems Corp.</u>, 2009 WL 1607717,
27 at *6 (holding that plaintiff must "expressly identify and describ[e]
28 what, if any, source code for [defendant's] specific accused software

7

products infringe upon claims 1, 2, 4 and 6 of [plaintiff's patent]"); American Video Graphics, L.P. v. Elec. Arts, Inc., 359 F. Supp. 2d 558, 561 (E.D. Tex. 2005) (holding that plaintiff must supplement its initial charts with "specific references to the source code" once the defendant had provided plaintiff with the source code); Connectel, LLC v. Cisco Systems, Inc., 391 F. Supp. 2d 526, 528 (E.D. Tex. 2005) (noting that source code is necessary to fill in gaps when plaintiff alleges infringement of software products and that detailed infringement contentions should be made after source code produced). Because Amazon provided Big Baboon with the source code for its accused programs over four months ago, and the case itself has been pending since February 2009, Big Baboon can no longer delay the production of infringement charts with citations to source code.

Big Baboon concedes that it will, at some point, be required to produce infringement charts with pinpoint citations to source code. Although Big Baboon initially argued that its "present infringement contentions sufficiently identify the patent claims against Amazon and the Amazon systems that infringe these claims," it later argued that "[a]t this early stage in the discovery process, Big Baboon's infringement contentions are more than adequate . . ." acknowledging that, at some point, more detailed contentions are required. (Jt. Stip. at 6, 24).  Additionally, Big Baboon repeatedly states that it will supplement its infringement contentions "once discovery has had an opportunity to meaningfully progress," but Big Baboon does not provide any deadlines or anticipated date by which discovery will have progressed enough for more detailed charts. (Id. at 29; see also id. at 23-24). It is therefore left to this Court to determine, based on

the record before it, what a reasonable amount of time is for Big Baboon to review Amazon's source code before Big Baboon must provide more detailed infringement charts.

**B.   Big Baboon Failed To Adequately Support Its Contention That It Needs Six Months To Review The Source Code To Produce Infringement Charts With Pinpoint Citations To Source Code**

Big Baboon argues that Amazon's request for immediate pinpoint citations is unreasonable because Big Baboon has not had sufficient time to analyze Amazon's source code. (Jt. Stip. at 22). It also contends that it found references to six files not included in the source code Amazon provided. (Big Baboon Supp. Memo., Bakewell Decl., Ex. A at 5). Furthermore, at the June 22 hearing, Big Baboon argued that it would not be able to produce the pinpoint citations Amazon requested until at least six months after it had access to "Omnigrok" and a system level map, as well as the ability to operate the program in its normal environment and the opportunity to conduct a Rule 30(b)(6) deposition.[1] No declarations from experts or other sources with personal knowledge of source code analysis were offered, however, in support of these assertions.

Big Baboon's arguments can be construed as an objection that the demand for more detailed infringement charts, on Amazon's timetable, is

---

[1] At the June 22 hearing, Amazon agreed to Big Baboon with provide Omnigrok, a system level map, and the six files that Big Baboon found references to during its search not included in Amazon's source code production.

9

too burdensome. This "burdensomeness" objection, however, lacks substantiation or explanation. It is well-established that the burden is on the objecting party to show grounds for failing to provide the requested discovery. <u>Burton Mech. Contractors, Inc. v. Foreman</u>, 148 F.R.D. 230, 233 (N.D. Ind. 1992) ("An objecting party must specifically establish the nature of any alleged burden, usually by affidavit or other reliable evidence."). Big Baboon cannot simply invoke generalized objections; rather, with respect to Amazon's discovery requests, Big Baboon "must state specifically how, despite the broad and liberal construction of federal discovery rules, each [request] is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." <u>Thomas v. Hickman</u>, 2007 WL 4302974, at *6 (E.D. Cal. 2007) (citations omitted); <u>Alberts v. Wheeling Jesuit Univ.</u>, 2010 WL 1539852, at *8 (N.D. W. Va. 2010). For a burdensomeness argument to be sufficiently specific to prevail, it must be based on declarations or other evidence. <u>Thomas</u>, 2010 WL 671254, at *14. As Big Baboon failed to offer persuasive evidence in support of its burdensomeness objection, the Court rejects this objection.

Moreover, the Court finds that Big Baboon has not demonstrated that its expert attempted to analyze Amazon's source code in a diligent or expeditious manner. After the patentee has "had a <u>reasonable opportunity</u> to review the [defendant's] source code . . . [it] must . . . provid[e] [preliminary infringement charts] to the defendant that clearly identify and explain how the source code for the accused product infringes upon specific claims for the patent-in suit." <u>Diagnostic Systems</u>, 2009 WL 1607717, at *5 (emphasis added). Although it is

10

1  difficult to define "reasonable opportunity," Big Baboon failed to
2  convince this Court that four months was unreasonable. As the court
3  noted in Diagnostic Systems, "[t]he bottom line is that, after a
4  plaintiff-patentee has had a reasonable opportunity to review the source
5  code for the defendant's accused software product, the patentee's time
6  for trolling the proverbial waters for a theory of infringement comes
7  to an end, and the patentee must fish or cut bait with respect to its
8  specific theory of infringement . . . ." Id.

10     Big Baboon has been provided a "reasonable opportunity" to review
11 Amazon's source code. Id.  In American Video Graphics, the court
12 required the plaintiff to supplement its infringement charts "with
13 specific references to the source code within 30 days of Defendants
14 depositing the code into escrow." American Video Graphics, 359 F. Supp.
15 2d at 561.  In Diagnostic Systems, the court did not define a
16 "reasonable opportunity," but found that, after eleven months, such a
17 period had long since passed. Diagnostic Systems, 2009 WL 1607717, at
18 *4.  Furthermore, in its discussion of a "reasonable opportunity," the
19 court cited to American Video Graphics, noting that the court in that
20 case had required the plaintiff to provide pinpoint citations within
21 thirty days of its receipt of the source code. Id.  The court in
22 Diagnostic Systems required the plaintiff to provide pinpoint citations
23 within only fifteen days of its order. Id. at *6.

25     Big Baboon has had access to Amazon's source code since February
26 22, 2010. (Jt. Stip. at 3).  Thus, Big Baboon has had over four months
27 to access and analyze the source code. Even if, as Big Baboon contends,
28 Amazon did not produce other "confidential technical documents

describing its systems" until March 23, 2010, Big Baboon still has had three months to access and analyze the source code with the aid of Amazon's technical documents. (Id. at 22). Furthermore, Big Baboon did not conduct its initial review of the code until April 19, 2010, nearly two months after it had been made available, and has only reviewed it on one occasion since. (Jt. Stip. at 19). Big Baboon's request to run the program in an operable environment was not made until late April. Additionally, Big Baboon did not notice its first Rule 30(b)(6) deposition until June 21, 2010. These facts show that Big Baboon has not reviewed Amazon's source code in a diligent or expeditious manner.

Amazon has agreed to provide Big Baboon with Omnigrok, a system level map, and the six requested files Big Baboon claims it requires in order to provide infringement charts with pinpoint citation to Amazon's source code within fourteen days of the June 22 hearing. Big Baboon will then have an additional forty-six days to review and analyze the source code. Big Baboon will then have had access to the source code for six months, which the Court finds to be a "reasonable opportunity" to analyze it.

**III. CONCLUSION**

To the extent the Motion to Compel sought an order compelling more detailed infringement contentions, as described below, the Motion to Compel is GRANTED in part. To the extent the Motion sought an order compelling the production of such contentions within fifteen (15) days of the date of the order, the Motion to Compel is DENIED in part.

12

Big Baboon must provide more detailed infringement charts, including pinpoint citations to Amazon's source code. Amazon has agreed to produce Omnigrok, a system level map, and the six identified files. Furthermore, within sixty days of the June 22 hearing, Big Baboon will have had a reasonable opportunity to review and analyze Amazon's source code. Accordingly, the Court issues the following Order:

(1) Amazon is ordered to produce Omnigrok, a system level map, and the six referenced files by **July 6, 2010**;

(2) Big Baboon must provide infringement claims charts that set forth its infringement theory by showing where each element of each asserted claim is found in each accused system, with pinpoint citations to source code and/or documents to substantiate allegations of infringement by **August 23, 2010.**


IT IS SO ORDERED.

DATED: July 2, 2010                    ____/S/_____
                                       SUZANNE H. SEGAL
                                       UNITED STATES MAGISTRATE JUDGE

13