1

2

3

4

5

6              **UNITED STATES DISTRICT COURT**

7              **CENTRAL DISTRICT OF CALIFORNIA**

8

9   BIG BABOON CORPORATION,        )  NO. CV 09-01198 SVW (SSx)
    a Delaware Corporation,        )
10                                 )
                   Plaintiff,      )  **MEMORANDUM DECISION AND ORDER**
11                                 )
            v.                     )  **GRANTING PLAINTIFF'S MOTION TO**
12                                 )
    DELL, INC., a Delaware         )  **QUASH**
13  Corporation, et al.,           )
                                   )  **[DOCKET NOS. 268, 336]**
14                 Defendants.     )
    ―――――――――――――――――――――――――――――  )
15

16

17
        On August 9, 2010, Plaintiff Big Baboon Corporation ("Plaintiff")
18
    and Defendants Dell and UPS ("Defendants") filed a "Stipulation
19
    Regarding Dell and UPS Defendants' Subpoenas to UTI and Honda" (the
20
    "Stipulation").  In the Stipulation, the parties collectively requested
21
    that the Court renew Plaintiff's prior Motion to Quash a similar
22
    subpoena.  (Stipulation at 1).  The current subpoena seeks to compel
23
    Plaintiff to produce a copy of its settlement agreement with former
24
    defendant American Honda Motor Co., Inc. ("Honda").  On September 7,
25
    2010, this Court issued an order requiring Plaintiff to file a copy of
26
    its settlement agreement with Honda under seal for <u>in camera</u> inspection.
27
    On September 15, 2010, Plaintiff filed a sealed copy of the Honda
28
    settlement agreement pursuant to the Court's order.  For the reasons

stated below, Plaintiff's Motion to Quash the subpoena requesting the Honda settlement agreement is GRANTED.

**I.     Summary Of The Discovery Dispute**

On June 22, 2010, Plaintiff filed a Motion to Quash a June 14, 2010 subpoena, issued by Honda, requesting production of Plaintiff's settlement agreement with defendant UTi.  ("Quash. Stip.", Docket No. 268).  Honda settled its dispute with Plaintiff before the Court ruled on the motion, however, and on July 30, 2010, this Court dismissed Plaintiff's Motion to Quash as moot.  In the instant Stipulation, the parties adopted the substantive arguments set forth in the briefing filed in connection with Plaintiff's prior Motion to Quash. (Stipulation at 1).  Honda's arguments in the Joint Stipulation relating to the production of the UTi settlement agreement are therefore imputed to Defendants in their request for production of the Honda settlement agreement. Similarly, Plaintiff's arguments against the production of the UTi settlement agreement will be read as though they referred to the Honda settlement agreement.

Plaintiff argues that its settlement agreement with Honda in this matter should not be discoverable because (1) the settlement agreement is privileged and confidential, and, in accordance with the "strong public interest in the efficient settlement of disputes," should be protected from disclosure by the "settlement negotiation privilege"; and (2) the agreement is not relevant or reasonably calculated to lead to the discovery of admissible evidence. (Quash Stip. at 1-2).  Defendants

argue that (1) there is no federally recognized settlement negotiation privilege; (2) even if the agreement is not admissible at trial, it is discoverable; and (3) the agreement is relevant to the determination of a reasonable royalty for the patents-in-suit in this case. (Id. at 3-4).

## II.   Settlement Agreements Are Not Privileged Under Ninth Circuit Law

### A.   Ninth Circuit Law Controls This Discovery Dispute

Because this discovery dispute is not one that occurs in the unique context of patent litigation and because settlement discussions are themselves not a substantive patent law issue, the law of the Ninth Circuit pertaining to discovery applies.  See, e.g., Dorf & Stanton Communs., Inc. V. Molson Breweries, 100 F.3d 919, 922 (Fed. Cir. 1996) ("Because an order compelling discovery is not unique to patent law, we agree that [local circuit] law must be considered . . .").

### B.   Federal Law Favors A Broad Scope Of Discovery Limited By Relevance Concerns

Pursuant to the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" and this "[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P, 26(b)(1).   Ninth Circuit law generally favors a broad scope of discovery.  "[W]ide access to relevant facts serves the integrity and

1  fairness of the judicial process by promoting the search for truth."

2  Epstein v. MCA, Inc., 54 F.3d 1422, 1423 (9th Cir. 1995).

3

4      The broad scope of permissible discovery is limited by any relevant

5  privileges that may apply, but any proposed privilege must promote a

6  public interest that is "sufficiently important . . . to outweigh the

7  need for probative evidence."  Trammel v. United States, 445 U.S. 40,

8  51, 100 S. Ct. 906, 63 L. Ed. 2d 186 (1980).  The recognition of

9  privileges should be judged on a case-by-case basis and weighed against

10 the public interest.  Jaffee v. Redmond, 518 U.S. 1, 8, 116 S. Ct. 1923,

11 135 L. Ed. 2d 337 (1996).

12

13     C.   The Ninth Circuit Does Not Recognize A Broad Settlement

14          Privilege

15

16     Federal Rule of Evidence 408(a) prohibits the admission of

17 compromises or offers to compromise as evidence "when offered to prove

18 liability for, invalidity of, or amount of a claim that was disputed as

19 to validity or amount, or to impeach through a prior inconsistent

20 statement or contradiction."  Fed. R. Evid. 408(a).  According to the

21 Ninth Circuit, "[t]wo principles underlie Rule 408: (1) '[t]he evidence

22 [of compromise] is irrelevant, since the offer may be motivated by

23 desire for peace rather than from any concession of weakness of

24 position;' (2) '[a] more consistently impressive ground is promotion of

25 the public policy favoring the compromise and settlement of disputes.'"

26 Hudspeth v. C.I.R., 914 F.2d 1207, 1213-14 (9th Cir. 1990) (citing Fed.

27 R. Evid. 408 advisory committee's note).  However, by its terms, Rule

28 408 limits the admissibility of settlement agreements, not their

4

1  discovery.   <u>See</u> Fed. R. Evid. 408.    Furthermore, Rule 408(b)

2  specifically states that it "does not require exclusion if the evidence

3  is offered for purposes not prohibited by subdivision (a)."   <u>Id.</u>

4  Defendants' stated purpose of discovery is "the determination of a

5  reasonable royalty rate for the patents-in-suit," which does not fall

6  under the prohibited uses listed in Rule 408(a).  (Quash Stip. at 4).

7

8       Plaintiff argues that Rule 408 is evidence of a strong public

9  policy of encouraging efficient settlements and that Federal Rule of

10  Evidence 501, which provides the general guidelines by which courts may

11  recognize the existence of privileges limiting the discoverability of

12  evidence, has been used to recognize a settlement negotiation privilege.

13  (Quash Stip. at 6).  Plaintiff's claim of privilege relies heavily on

14  <u>Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.</u>, 332 F.3d 976,

15  (6th Cir. 2003), in which the Sixth Circuit broadly held that "any

16  communications made in furtherance of settlement are privileged."  <u>Id.</u>

17  at 983.

18

19       Despite the Sixth Circuit's apparent recognition of a settlement

20  negotiation privilege, courts in the Ninth Circuit have been reluctant

21  to adopt a similar rule.  In <u>Rhoades v. Avon Products, Inc.</u>, 504 F.3d

22  1151 (9th Cir. 2007), for example, the Ninth Circuit cautioned the

23  parties not to "make[] too much of the 'policy behind' Rule 408" and

24  observed that "[w]hen statements made during settlement are introduced

25  for a purpose unrelated to liability, the policy underlying the Rule is

26  not injured."  <u>Id.</u> at 1161-62.  Lower courts have similarly determined

27  that the "prohibition on using compromise negotiations is therefore

28  limited and the rule does not bar the admission of such negotiations for

other permissible purposes." _Phoenix Solutions, Inc. v. Wells Fargo Bank, N.A._, 254 F.R.D. 568, 584 (N.D. Cal. 2008); _see also_ _Board of Trustees of the Leland Stanford Junior Univ. v. Tyco Int'l Ltd._, 253 F.R.D. 521, 523 (C.D. Cal. 2008) (concluding that "there is no federal privilege preventing the discovery of settlement agreements and related documents"); _Matsushita Elec. Industrial Co. v. Mediatek, Inc._, 2007 WL 963975 at *5 (N.D. Cal. 2007) ("[I]t is clear that when Congress approved Rule 408 to promote settlements, it chose to do so by limiting admissibility -- and not by limiting discovery.").

Because Defendants are requesting discovery for a purpose not prohibited by Rule 408 and because Ninth Circuit law does not clearly recognize a broad settlement privilege, Plaintiff's settlement agreement with Honda is not protected from disclosure on the ground that it is privileged.

**III. Relevancy**

    **A.   Only Relevant Matters Are Discoverable**

As previously discussed, Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Plaintiff claims that its settlement agreement with Honda is irrelevant to Defendants' asserted purpose for discovery, the calculation of a reasonable royalty rate. (Quash Stip. at 2). In support of this argument, Plaintiff cites to cases that find that royalties paid to avoid litigation are not a reliable indicator of the value of a patent

1    due to the parties' desire to end litigation. (Quash Stip. at 7-9,
2    citing Rude v. Wescott, 130 U.S. 152, 164 (1889) ("[P]ayment of any sum
3    in settlement of a claim for an alleged infringement cannot be taken as
4    a standard to measure the value of the improvements patented."); Hanson
5    v. Alpine Valley Ski Area, 718 F. 2d 1075 (Fed. Cir. 1983); and Wang
6    Labs., Inc. v. Mitsubishi Elecs. Am., Inc., 860 F. Supp. 1448 (C.D.
7    1993)).   However, Plaintiff's claims against Honda were dismissed
8    without prejudice and thus "did not finally resolve any claims between
9    the two companies." (Quash Stip. at 9; see also Order For Dismissal
10   Without Prejudice, Docket No. 315).  This could indicate that the desire
11   to end litigation was not a distorting element in forming the agreement,
12   possibly making the settlement agreement a more reliable indicator of
13   a reasonable royalty rate.   See, e.g., Snellman v. Ricoh Co., 862 F.2d
14   283, 289 (Fed. Cir. 1988) (finding an agreement not executed to resolve
15   a dispute or avoid litigation was properly admitted into evidence as
16   relevant to the determination of a reasonable royalty rate).

17

18      Defendants' assertion that Plaintiff's settlement agreement with
19   Honda contains information relevant to this litigation is necessarily
20   hypothetical, however, because Defendants have not seen the agreement.
21   Furthermore, the broad scope of discovery articulated in Federal Rule
22   of Civil Procedure 26(b) is tempered by subsection 26(c), which "gives
23   district courts broad latitude to grant protective orders to prevent
24   disclosure of materials for many types of information, including . . .
25   confidential research, development, or commercial information."
26   Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1211 (9th Cir. 2002)
27   (emphasis omitted).  It is axiomatic that Plaintiff is not required to
28

produce confidential information that is not relevant to the parties' claims or defenses in this action.  Fed. R. Civ. P. 26(b)(1).

**B.   This Court Must Balance The Policy Favoring Broad Discovery Against The Court's Interest In Protecting Settlements**

Several courts in the Ninth Circuit have recognized that even though settlement agreements may be discoverable in some circumstances, the public policy favoring efficient settlements supports heightened scrutiny regarding their production. Courts "must balance [one party's] interest in the discovery of potentially relevant information against [another party's] interest in protecting a settlement negotiated with the expectation of confidentiality." MedImmune, L.L.C. v. PDL BioPharma, Inc., 2010 WL 3636211 at *2 (N.D. Cal. 2010) (staying discovery pending in camera review of third party settlement agreements for relevancy); see also Abbott Diabetes Care, Inc. V. Roche Diagnostics Corp., 2007 WL 4166030 at *4 (N.D. Cal. 2007) (ordering production of settlement agreement following in camera review but permitting redaction of confidential information not relevant to the instant claim). Accordingly, in recognition of the federal policy favoring settlement agreements, this Court ordered Plaintiff to file a sealed copy of its settlement agreement with Honda for in camera review to allow for a particularized determination of its relevancy.

\\
\\
\\
\\
\\

8

**IV.   IN CAMERA REVIEW AND CONCLUSION**

As noted above, Plaintiff filed its settlement agreement with Honda for purposes of <u>in camera</u> review.  The Court has examined Plaintiff's settlement agreement with Honda.  After reviewing the agreement, the Court has determined that relevant evidence will not be withheld from Defendants by protecting the agreement from disclosure.  Accordingly, Plaintiff's Motion to Quash the subpoena requesting Plaintiff's settlement agreement with Honda is GRANTED.

IT IS SO ORDERED.

DATED: October 8, 2010

_____/S/_____
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE